# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL NO. 2724 16-MD-2724 |
| IN RE: LIDOCAINE-PRILOCAINE CASES | HON. CYNTHIA M. RUFE |
| THIS DOCUMENT RELATES TO: | LEAD CASE: 16-LD-27240 DIRECT CASE: 16-LD-27241 |
| ALL LIDOCAINE-PRILOCAINE DIRECT PURCHASER ACTIONS | JURY TRIAL DEMANDED |
| AHOLD USA, INC.; CÉSAR CASTILLO, INC.; FWK HOLDINGS, L.L.C.; KPH HEALTHCARE SERVICES, INC., a/k/a KINNEY DRUGS, INC.; and ROCHESTER DRUG CO-OPERATIVE, INC.; on behalf of themselves and all others similarly situated, | |
| Plaintiffs, | |
| v. | |
| AKORN, INC.; FOUGERA PHARMACEUTICALS INC.; HI-TECH PHARMACAL CO., INC.; IMPAX LABORATORIES, INC.; and SANDOZ, INC., | |
| Defendants. | |

## DEFENDANTS AKORN, INC.'S AND HI-TECH PHARMACAL CO., INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO THE LIDOCAINE-PRILOCAINE CONSOLIDATED DIRECT PURCHASER CLASS ACTION COMPLAINT

## I.    INTRODUCTION

Defendants Akorn, Inc. and Hi-Tech Pharmacal Co., Inc. (collectively "**Akorn**")[1], by and through their counsel, hereby submit their Answer and Affirmative Defenses to the Lidocaine-Prilocaine Consolidated Direct Purchaser Class Action Complaint ("**Complaint**").   Akorn is responding to the allegations in the Complaint that are directed toward Akorn.  All allegations in the Complaint that are not specifically admitted in this Answer are denied.  Akorn is not required to respond to the headings, subheadings or footnotes in the Complaint.  To the extent a response is required, Akorn denies any assertions in the headings or subheadings of the Complaint.  Except as otherwise stated below, Akorn is without knowledge or information sufficient to form a belief concerning the truth of the allegations in the Complaint that are directed toward other Defendants and, therefore, denies same.  Akorn answers and responds to each of the allegations in the Complaint as follows:

## II.    AKORN'S ANSWERS AND RESPONSES TO THE ALLEGATIONS IN THE LIDOCAINE-PRILOCAINE DPP COMPLAINT

1.       Akorn admits that Plaintiffs brought a Class Action Complaint that purports to be on behalf of a Class of direct purchasers who purportedly purchased Lidocaine-Prilocaine from Defendants.  Akorn denies the remaining allegations in Paragraph 1.

2.       Akorn denies the allegations contained in Paragraph 2.

3.       Akorn admits that Plaintiffs brought a civil action seeking tremble damages against Defendants for violations of Section 1 of the Sherman Act, 15 U.S.C. § 1.  Akorn denies all remaining allegations contained in Paragraph 3.

---

[1]    Reference to "Akorn" throughout this Answer and Affirmative Defenses is done for convenience, to avoid unnecessary duplication in responses, and without prejudice to the separate corporate status of Akorn, Inc. and Hi-Tech Pharmacal Co., Inc. with respect to any other matter.

4.      Akorn lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and, therefore, Akorn denies same.

5.      Akorn admits the allegations contained in Paragraph 5.

6.      Akorn admits that Lidocaine-Prilocaine has been available in the United States for decades and has been marketed under the brand name EMLA.  Akorn lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 6 and, therefore, Akorn denies same.

7.      Akorn lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 7 that Defendants dominate the market for Lidocaine-Prilocaine and, therefore, Akorn denies the same.  Akorn denies all remaining allegations contained in Paragraph 7.

8.      Akorn denies the allegations contained in Paragraph 8.

9.      Akorn denies all allegations contained in Paragraph 9 directed toward it.  Akorn lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 9 and, therefore, Akorn denies same.

10.     Akorn admits that the January 8, 2014 news release cited in Footnote 2 of Paragraph 10 states that the NCPA sent a letter in January 2014 to the HELP Committee and the United States House Energy and Commerce Committee, but Akorn refers to the text of the news release for a complete statement of its contents.  Akorn further admits that the remaining allegations contained in Paragraph 10 appear to be a description of some of the information reported in the cited news release, but Akorn refers to the news release for a complete statement of its contents and denies the allegations contained in Paragraph 10 to the extent they are inconsistent with the news release.  Akorn lacks knowledge or information sufficient to form a

belief as to the truth of the statements in the cited news release and, therefore, Akorn denies same. Akorn denies the remaining allegations contained in Paragraph 10.

11.    Akorn admits that, according to the citations referenced in Paragraph 11, the DOJ filed criminal charges against two individuals, Jeffrey Glazer and Jason Malek, and therein the DOJ alleged that Glazer and Malek conspired with others "to allocate customers, rig bids, and fix and maintain prices for doxycycline hyclate sold in the United States" and "to allocate customers and fix and maintain prices for glyburide sold in the United States." Akorn refers to the citations for a complete statement of their contents and denies the allegations contained in Paragraph 11 that are inconsistent with those citations. Akorn lacks knowledge or information sufficient to form a belief as to the truth of the statements contained in the citations and, therefore, Akorn denies same. Akorn lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 11 and, therefore, Akorn denies same.

12.    Akorn admits that, according to the document cited in Footnote 3 of Paragraph 12, the DOJ made statements consistent with those described and quoted in Paragraph 12, but Akorn refers to the document cited for a complete statement of its contents and denies the allegations contained in Paragraph 12 to the extent they are inconsistent with the document. Akorn lacks knowledge or information sufficient to form a belief as to the truth of the statements in the cited document and, therefore, Akorn denies same. Akorn denies the remaining allegations contained in Paragraph 12.

13.    Akorn admits that 20 state attorneys general filed a complaint against Aurobindo Pharma USA, Inc., Citron Pharma, LLC, Heritage Pharmaceuticals, Inc., Teva Pharmaceuticals USA, Inc., Mayne Pharma (USA), Inc., and Mylan Pharmaceuticals, Inc., but Akorn refers to the cited complaint for a complete statement of its contents and Akorn denies the allegations

contained in Paragraph 13 that are inconsistent with the complaint.  Akorn lacks knowledge or information sufficient to form a belief as to the truth of the statements in the cited complaint and, therefore, Akorn denies same.  Akorn admits that an amended complaint was filed adding new claims of additional state attorneys general, but Akorn refers to the amended complaint for a complete statement of its contents and allegations.  Akorn lacks knowledge or information sufficient to form a belief as to the truth of the statements in the amended complaint and, therefore, Akorn denies same.  Akorn further admits that, according to the article cited in Footnote 4 of Paragraph 13, Glazer and Malek entered into settlement agreements with the attorneys general, but Akorn refers to the article for a complete statement of its terms and Akorn denies the allegations contained in Paragraph 13 that are inconsistent with the terms of the article.  Akorn lacks knowledge or information sufficient to form a belief as to the truth of the statements in the cited article and, therefore, Akorn denies same.  Akorn admits that the language quoted in Paragraph 13 from the CTAG is consistent with the statement contained in the article cited in Footnote 5 of Paragraph 13, but Akorn refers to the article for a complete statement of its terms and Akorn denies the allegations contained in Paragraph 13 that are inconsistent with the article.  Akorn lacks knowledge or information sufficient to form a belief as to the truth of the statements in the cited article and, therefore, Akorn denies same.  Akorn also admits that, according to the case cited in Footnote 6 of Paragraph 13, additional state attorneys general filed a complaint against Aurobindo Pharma USA, Inc., Citron Pharma, LLC, Heritage Pharmaceuticals, Inc., Teva Pharmaceuticals USA, Inc., Mayne Pharma (USA), Inc., and Mylan Pharmaceuticals, Inc., but Akorn refers to the complaint for a complete statement of its contents and allegations and Akorn denies the allegations contained in Paragraph 13 that are inconsistent with that complaint.  Akorn lacks knowledge or information sufficient to form a belief as to the

truth of the statements in the cited complaint and, therefore, Akorn denies same.  Akorn lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in Paragraph 13 and, therefore, denies same.

14.    Akorn admits that the language quoted in Paragraph 14 was reported in Pfizer Inc.'s August 10, 2017 10-Q Quarterly Report to the SEC, but Akorn refers to the 10-Q Quarterly Report for a complete statement of its terms and Akorn denies the allegations contained in Paragraph 14 that are inconsistent with the 10-Q Quarterly Report.  Akorn lacks knowledge or information sufficient to form a belief as to the truth of the statements in the cited 10-Q Quarterly Report and, therefore, Akorn denies same.   Akorn lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 14 and, therefore, Akorn denies same.

15.    Akorn denies the allegations contained in Paragraph 15.

16.    Akorn admits that Plaintiffs claim to be seeking damages on behalf of themselves and members of the putative class, but Akorn denies any damages were caused by Akorn for any alleged violations of Section 1 of the Sherman Act, 15 U.S.C. § 1.  Akorn further denies all remaining allegations in Paragraph 16.

17.    Paragraph 17 consists of legal conclusions to which no response is required.  To the extent a response is required, Akorn denies the allegations contained in Paragraph 17.

18.    Paragraph 18 consists of legal conclusions to which no response is required.  To the extent a response is required, Akorn denies the allegations contained in Paragraph 18 that are directed toward it.  Akorn lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 18 and, therefore, Akorn denies same.

19.     Paragraph 19 consists of legal conclusions to which no response is required.  To the extent a response is required, Akorn admits that it sold and distributed certain Lidocaine-Prilocaine products in the United States during the purported Class Period.  Akorn denies all remaining allegations contained in Paragraph 19 that are directed toward it.  Akorn lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 19 and, therefore, Akorn denies same.

20.     Paragraph 20 consists of legal conclusions to which no response is required.  To the extent a response is required, Akorn admits that it sold and distributed certain Lidocaine-Prilocaine products in the United States during the purported Class Period.  Akorn denies the remaining allegations contained in Paragraph 20 that are directed toward it.  Akorn lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 20 and, therefore, Akorn denies same.

21.     Akorn denies the allegations contained in Paragraph 21 that are directed toward it. Akorn lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 21 and, therefore, Akorn denies same.

22.     Akorn admits that CCI purchased certain Lidocaine-Prilocaine products directly from it during the purported Class Period.  Akorn denies the remaining allegations contained in Paragraph 22 that are directed toward it.  Akorn lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 22 and, therefore, Akorn denies same.

23.     Akorn denies the allegations contained in Paragraph 23 that are directed toward it. Akorn lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 23 and, therefore, Akorn denies same.

24.     Akorn admits that KPH purchased certain Lidocaine-Prilocaine products directly from it during the purported Class Period.  Akorn denies the remaining allegations contained in Paragraph 24 that are directed toward it.  Akorn lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 24 and, therefore, Akorn denies same.

25.     Akorn admits that RDC purchased certain Lidocaine-Prilocaine products directly from it during the purported Class Period.  Akorn denies the remaining allegations contained in Paragraph 25 that are directed toward it.  Akorn lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 25 and, therefore, Akorn denies same.

26.     Akorn admits that Akorn, Inc. is a Louisiana corporation with its principal place of business in Lake Forest, Illinois.  Akorn also admits that, during the purported Class Period, Akorn sold certain Lidocaine-Prilocaine products to purchasers in the United States.  Akorn denies the remaining allegations contained in Paragraph 26.

27.     Akorn admits that Hi-Tech is a Delaware corporation with its principal place of business in Amityville, New York.  Akorn also admits that, during the purported Class Period, Hi-Tech sold certain Lidocaine-Prilocaine products to purchasers in the United States.  Akorn further admits that in April 2014, Akorn completed its acquisition of Hi-Tech for approximately $650 million.  Akorn denies the remaining allegations contained in Paragraph 27.

28.     The allegations contained in Paragraph 28 are directed toward another Defendant and, therefore, no response is required.  To the extent a response is required, Akorn lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 and, therefore, Akorn denies same.

29.     The allegations contained in Paragraph 29 are directed toward another Defendant and, therefore, no response is required.  To the extent a response is required, Akorn lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 and, therefore, Akorn denies same.

30.     The allegations contained in Paragraph 30 are directed toward another Defendant and, therefore, no response is required.  To the extent a response is required, Akorn lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 and, therefore, Akorn denies same.

31.     Akorn denies the allegations contained in Paragraph 31.

32.     Akorn denies the allegations contained in Paragraph 32.

33.     Akorn lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 and, therefore, Akorn denies same.  Akorn also states that, pursuant to Pretrial Order No. 61 in this case, no further amendments are permitted after December 21, 2018.

34.     Akorn denies the allegations contained in Paragraph 34.

35.     Akorn denies the allegations contained in Paragraph 35.

36.     Akorn denies the allegations contained in Paragraph 36.

37.     Akorn admits that it manufactures certain Lidocaine-Prilocaine products and sells certain Lidocaine-Prilocaine products in the United States.  Akorn lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 37.

38.     Akorn admits it produces certain Lidocaine-Prilocaine products.  Akorn lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 38 and, therefore, Akorn denies same.

39.     Paragraph 39 consists of legal conclusions to which no response is required.  To the extent a response is required, Akorn admits that it sold certain Lidocaine-Prilocaine products in the United States during the purported Class Period.  Akorn lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 39 and, therefore, Akorn denies same.

40.     Paragraph 40 consists of legal conclusions to which no response is required.  To the extent a response is required, Akorn denies the allegations contained in Paragraph 40.

41.     Paragraph 41 consists of legal conclusions to which no response is required.  To the extent a response is required, Akorn admits that it sold certain Lidocaine-Prilocaine products in the United States.  Akorn denies any remaining allegations contained in Paragraph 41.

42.     Akorn denies the allegations contained in Paragraph 42.

43.     Akorn denies the allegations contained in Paragraph 43.

44.     Akorn admits that generic drugs can provide a lower-cost but bioequivalent alternative to brand drugs.  The last two sentences of Paragraph 44 consist of legal conclusions to which no response is required.  To the extent a response is required, Akorn denies the allegations contained in the last two sentences of Paragraph 44.  Akorn denies all remaining allegations contained in Paragraph 44.

45.     Paragraph 45 consists of legal conclusions to which no response is required.  To the extent a response is required, Akorn lacks knowledge or information sufficient to form a

belief as to the truth of the allegations contained in Paragraph 45 and, therefore, Akorn denies same.

46.   Paragraph 46 consists of legal conclusions to which no response is required.  To the extent a response is required, Akorn lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 and, therefore, Akorn denies same.

47.   Paragraph 47 consists of legal conclusions to which no response is required.  To the extent a response is required, Akorn lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 and, therefore, Akorn denies same.

48.   Akorn lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 and, therefore, Akorn denies same.

49.   Akorn lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 and, therefore, Akorn denies same.

50.   Akorn admits that the January 2010 report cited in Footnote 8 of Paragraph 50 provides, among other things, that "[r]ecent information … shows that in a mature generic market, generic prices are, on average, 85% lower than the pre-entry branded drug price," but Akorn refers to the cited report for a complete statement of its contents and denies the remaining allegations in Paragraph 50 to the extent they are inconsistent with the contents of the cited report.  Akorn lacks knowledge and information sufficient to form a belief as to the truth of the statements in the cited report and, therefore, denies same.  Akorn admits that the market for Lidocaine-Prilocaine has several competitors.  Akorn lacks knowledge or information sufficient

to form a belief as to the truth of the remaining allegations contained in Paragraph 50 and, therefore, Akorn denies same.

51.     To the extent Paragraph 51 purports to set forth the contents of the study cited in Footnote 10, Akorn refers to the cited study for a complete statement of its contents and denies the allegations in Paragraph 51 to the extent they are inconsistent with the contents of the cited study.  Akorn lacks knowledge or information sufficient to form a belief as to the truth of the information contained in the cited study and, therefore, Akorn denies same.  Akorn lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 51 and, therefore, Akorn denies same.

52.     Akorn lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 and, therefore, denies same.

53.     Paragraph 53 consists of legal conclusions to which no response is required.  To the extent a response is required, Akorn admits that it reports WAC for Lidocaine-Prilocaine. Akorn lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 53 and, therefore, denies same.

54.     Akorn lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 and, therefore, denies same.

55.     Akorn lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 and, therefore, denies same.

56.     Akorn lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 and, therefore, denies same.

57.     Akorn lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 and, therefore, denies same.

58.    Akorn lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 and, therefore, denies same.

59.    Akorn denies the allegations contained in Paragraph 59.

60.    Akorn denies that there was a "price fixing conspiracy." Akorn lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 60 and, therefore, denies same.

61.    Akorn admits that the market for Lidocaine-Prilocaine has several generic competitors. Akorn lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 61 and, therefore, denies same.

62.    Akorn admits that there has been more than one manufacturer of Lidocaine-Prilocaine in the market during the purported Class Period. Akorn lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 62 and, therefore, Akorn denies same.

63.    Akorn denies that there was a "price fixing conspiracy." Akorn lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 63 and, therefore, denies same.

64.    Akorn lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 and, therefore, Akorn denies same.

65.    Akorn denies that there was a "price fixing conspiracy." Akorn lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 65 and, therefore, Akorn denies same.

66.    Akorn lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 and, therefore, Akorn denies same.

67.     The allegations contained in Paragraph 67 are directed toward another Defendant and, therefore, no response is required.   To the extent a response is required, Akorn lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 and, therefore, Akorn denies same.

68.     The allegations contained in Paragraph 68 are directed toward another Defendant and, therefore, no response is required.   To the extent a response is required, Akorn lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 and, therefore, Akorn denies same.

69.     The allegations contained in Paragraph 69 are directed toward another Defendant and, therefore, no response is required.   To the extent a response is required, Akorn lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 and, therefore, Akorn denies same.

70.     The allegations contained in Paragraph 70 are directed toward another Defendant and, therefore, no response is required.   To the extent a response is required, Akorn lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 and, therefore, Akorn denies same.

71.     The allegations contained in Paragraph 71 are directed toward another Defendant and, therefore, no response is required.   To the extent a response is required, Akorn lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 and, therefore, Akorn denies same.

72.     The allegations contained in Paragraph 72 are directed toward another Defendant and, therefore, no response is required.   To the extent a response is required, Akorn lacks

knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 and, therefore, Akorn denies same.

73.     The allegations contained in Paragraph 73 are directed toward another Defendant and, therefore, no response is required.   To the extent a response is required, Akorn lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 and, therefore, Akorn denies same.

74.     The allegations contained in Paragraph 74 are directed toward another Defendant and, therefore, no response is required.   To the extent a response is required, Akorn lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 and, therefore, Akorn denies same.

75.     Akorn lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 and, therefore, Akorn denies same.

76.     Akorn lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 and, therefore, Akorn denies same.

77.     Akorn denies that there was a conspiracy.   Akorn lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 77 and, therefore, Akorn denies same.

78.     Akorn denies that there was a "price fixing conspiracy."   Akorn lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 78 and, therefore, Akorn denies same.

79.     Akorn lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 and, therefore, Akorn denies same.

80.     Akorn lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 and, therefore, Akorn denies same.

81.     Akorn denies that there was a conspiracy.  Akorn lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 81 and, therefore, Akorn denies same.

82.     Akorn lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 and, therefore, Akorn denies same.

83.     Akorn lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 and, therefore, Akorn denies same.

84.     Akorn denies the allegations contained in Paragraph 84.

85.     Paragraph 85 consists of legal conclusions to which no response is required.  To the extent a response is required, Akorn lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 and, therefore, Akorn denies same.

86.     Akorn lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 and, therefore, Akorn denies same.

87.     Akorn denies the allegations contained in Paragraph 87.

88.     Akorn denies the allegations contained in Paragraph 88.

89.     Akorn denies the allegations contained in Paragraph 89.

90.     Akorn denies the allegations contained in Paragraph 90.

91.     Akorn denies the allegations contained in Paragraph 91.

92.     Akorn admits that the March 1, 2017 Connecticut AG's press release cited in Paragraph 92, Footnote 27, contains language similar to the language quoted in Paragraph 92,

but Akorn refers to the press release for a complete statement of its contents and Akorn denies the allegations contained in Paragraph 92 that are inconsistent with the cited press release. Akorn lacks knowledge or information sufficient to form a belief as to the truth of the statements in the cited press release and, therefore, Akorn denies same.  Akorn lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 92 and, therefore, Akorn denies same.

93.      Akorn admits that some of its employees were members of trade associations. Akorn denies the remaining allegations contained in Paragraph 93.

94.      Akorn admits that, according to the link Plaintiffs cited in Footnote 1 of Paragraph 8, the GPhA is now called the Association for Accessible Medicines, as alleged in Paragraph 94.  Akorn also admits that the language quoted in Paragraph 94 is included on the GPhA "Membership" webpage, which Plaintiffs cite in Footnote 28 of Paragraph 94, but Akorn refers to the webpage for a complete statement of its content and denies the allegations contained in Paragraph 94 to the extent they are inconsistent with the webpage.  Akorn lacks knowledge or information sufficient to form a belief as to the truth of the information contained in the cited webpage and, therefore, Akorn denies same.  Akorn lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 94 and, therefore, Akorn denies same.

95.      Akorn admits the language quoted in Paragraph 95 is included on the GPhA "Membership" webpage, which Plaintiffs cite in Footnote 29, but Akorn refers to the webpage for a complete statement of its contents and denies the allegations in Paragraph 95 to the extent they are inconsistent with the webpage.  Akorn lacks knowledge and information sufficient to form a belief as to the truth of the statements on the cited webpage and, therefore, Akorn denies

same.  Akorn lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in Paragraph 95 and, therefore, Akorn denies same.

96.     Akorn admits that the language quoted in Paragraph 96 is included on the GPhA "Membership" webpage, which Plaintiffs cite in Footnote 30, but Akorn refers to the webpage for a complete statement of its contents and denies the allegations in Paragraph 96 to the extent they are inconsistent with the webpage.  Akorn lacks knowledge and information sufficient to form a belief as to the truth of the statements on the cited webpage and, therefore, Akorn denies same.  Akon lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 96 and, therefore, Akorn denies same.

97.     Akorn lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97 and, therefore, Akorn denies same.

98.     The allegations contained in Paragraph 98 are directed toward other Defendants and, therefore, no response is required.  To the extent a response is required, Akorn lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 and, therefore, Akorn denies same.

99.     The allegations contained in Paragraph 99 are directed toward other Defendants and, therefore, no response is required.  To the extent a response is required, Akorn lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99 and, therefore, Akorn denies same.

100.    The allegations contained in Paragraph 100 are directed toward other Defendants and, therefore, no response is required.  To the extent a response is required, Akorn lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 and, therefore, Akorn denies same.

101.    The allegations contained in Paragraph 101 are directed toward other Defendants and, therefore, no response is required.  To the extent a response is required, Akorn lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101 and, therefore, Akorn denies same.

102.    The allegations contained in Paragraph 102 are directed toward other Defendants and, therefore, no response is required.  To the extent a response is required, Akorn lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102 and, therefore, Akorn denies same.

103.    Akorn lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103 and, therefore, Akorn denies same.

104.    Akorn admits that the NACDS is a national trade association that holds annual and regional conferences.  Akorn lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 104 and, therefore, Akorn denies same.

105.    Akorn admits that the HDA is a national organization that holds meetings and conferences.  Akorn lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 105 and, therefore, Akorn denies same.

106.    Akorn admits that the ECRM's website includes the information contained in Paragraph 106, but Akorn refers to the website for a complete statement of its terms and denies the allegations contained in Paragraph 106 to the extent they are inconsistent with the website. Akorn lacks knowledge or information sufficient to form a belief as to the truth of the information contained on the cited website and, therefore, Akorn denies same.  Akorn lacks

knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in Paragraph 106 and, therefore, Akorn denies same.

107.    Akorn lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 107 and, therefore, Akorn denies same.

108.    Akorn admits that, to the best of its knowledge and based on the information currently available to it in this MDL, individuals from Akorn likely attended one of the referenced events in Paragraph 108.  Akorn lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 108 and, therefore, Akorn denies same.

109.    Akorn lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 109 and, therefore, Akorn denies same.

110.    The allegations contained in Paragraph 110 are directed toward other Defendants and, therefore, no response is required.  To the extent a response is required, Akorn lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 110 and, therefore, Akorn denies same.

111.    Akorn admits that, to the best of its knowledge and based on the information currently available to it in this MDL, an individual from Akorn likely attended the referenced event.  Akorn lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 111 and, therefore, Akorn denies same.

112.    Akorn admits that, to the best of its knowledge and based on the information currently available to it in this MDL, the individuals identified in subpart (a) of Paragraph 112 likely attended the referenced event.  Akorn lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations contained in Paragraph 112 and, therefore, Akorn denies same.

113.    Akorn lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 113 and, therefore, Akorn denies same.

114.    Akorn denies the individual identified in subpart (a) of Paragraph 114 was employed by Akorn during the time period June 2-5, 2013.   Akorn lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 114 and, therefore, Akorn denies same.

115.    Akorn admits that, to the best of its knowledge and based on the information currently available to it in this MDL, the individuals identified in subpart (a) of Paragraph 115 likely attended the referenced event.  Akorn lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 115 and, therefore, Akorn denies same.

116.    Akorn admits that, to the best of its knowledge and based on the information currently available to it in this MDL, an individual from Akorn likely attended the referenced event.  Akorn lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 116 and, therefore, Akorn denies same.

117.    Akorn lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 117 and, therefore, Akorn denies same.

118.    Akorn admits that, to the best of its knowledge and based on the information currently available to it in this MDL, the individuals identified in subpart (a) of Paragraph 118 likely attended the referenced event.  Akorn lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations contained in Paragraph 118 and, therefore, Akorn denies same.

119.   Akorn denies the individual identified in subpart (a) of Paragraph 119 was employed by Akorn during the time period June 1-4, 2014.   Akorn lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 119 and, therefore, Akorn denies same.

120.   Akorn lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 120 and, therefore, Akorn denies same.

121.   Akorn admits that, to the best of its knowledge and based on the information currently available to it in this MDL, the individuals identified in subpart (a) of Paragraph 121, with the exception of the sixth individual identified, likely attended the referenced event.   Akorn denies any remaining allegations contained in Paragraph 121 directed toward it.   Akorn lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 121 and, therefore, Akorn denies same.

122.   The allegations contained in Paragraph 122 are directed toward other Defendants and, therefore, no response is required.   To the extent a response is required, Akorn lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 122 and, therefore, Akorn denies same.

123.   Akorn admits that, to the best of its knowledge and based on the information currently available to it in this MDL, individuals from Akorn likely attended the events referenced in subparts (i), (ii), (iii), (vi), (vii), (viii), and (x) of Paragraph 123.   Akorn lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 123 and, therefore, Akorn denies same.

124.     Akorn denies the allegations contained in Paragraph 124.

125.     Akorn lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 125 and, therefore, Akorn denies same.

126.     Akorn admits that Hi-Tech's principal place of business is in Amityville, New York.   Akorn denies the remaining allegations contained in Paragraph 126 that are directed toward it.  Akorn lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 126 and, therefore, Akorn denies same.

127.     Akorn lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 127 and, therefore, Akorn denies same.

128.     Akorn denies the allegations contained in Paragraph 128.

129.     Akorn denies the allegations contained in Paragraph 129.

130.     Akorn denies the allegations contained in Paragraph 130.

131.     Akorn denies the allegations contained in Paragraph 131.

132.     Akorn admits that the language quoted in Paragraph 132 was stated during Hi-Tech's March 7, 2013 earnings call, but Akorn refers to the transcript of the earnings call for a complete reporting of the statements made during the earnings call and Akorn denies the allegations contained in Paragraph 132 to the extent they are inconsistent with the statements contained in the transcript of the earnings call.  Akorn denies the remaining allegations contained in Paragraph 132.

133.     Akorn admits that some of the language quoted in Paragraph 133 appears to be very similar to that which was stated during Akorn's August 5, 2014 earnings call, but Akorn refers to the transcript of the earnings call for a complete reporting of the statements made during the call and Akorn denies the allegations contained in Paragraph 133 to the extent they are

23

inconsistent with the statements contained in the transcript of the earnings call. Akorn denies the remaining allegations contained in Paragraph 133.

134.    Akorn admits that some of the language quoted in Paragraph 134 appears to be very similar to that which was stated during Akorn's November 6, 2014 earnings call, but Akorn refers to the transcript of the earnings call for a complete reporting of the statements made during the call and Akorn denies the allegations contained in Paragraph 134 to the extent they are inconsistent with the statements contained in the transcript of the earnings call. Akorn denies the remaining allegations contained in Paragraph 134.

135.    Akorn admits that the language quoted in Paragraph 135 is included, among other things, in Akorn's 2015 Annual Report, but Akorn refers to the Annual Report for a complete statement of its contents and Akorn denies the allegations contained in Paragraph 135 to the extent they are inconsistent with the statements contained in the 2015 Annual Report. Akorn denies the remaining allegations contained in Paragraph 135.

136.    Akorn admits that the language quoted in Paragraph 136 was stated during Akorn's August 4, 2016 earnings call, but Akorn refers to the transcript of the earnings call for a complete reporting of the statements made during the call and Akorn denies the allegations contained in Paragraph 136 to the extent they are inconsistent with the statements contained in the transcript of the earnings call. Akorn further denies the remaining allegations contained in Paragraph 136.

137.    Akorn denies the allegations contained in Paragraph 137.

138.    The allegations contained in Paragraph 138 are directed toward another Defendant and, therefore, no response is required. To the extent a response is required, Akorn lacks

knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 138 and, therefore, Akorn denies same.

139.    The allegations contained in Paragraph 139 are directed toward another Defendant and, therefore, no response is required.   To the extent a response is required, Akorn lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 139 and, therefore, Akorn denies same.

140.    The allegations contained in Paragraph 140 are directed toward another Defendant and, therefore, no response is required.   To the extent a response is required, Akorn lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 140 and, therefore, Akorn denies same.

141.    The allegations contained in Paragraph 141 are directed toward another Defendant and, therefore, no response is required.   To the extent a response is required, Akorn lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 141 and, therefore, Akorn denies same.

142.    The allegations contained in Paragraph 142 are directed toward another Defendant and, therefore, no response is required.   To the extent a response is required, Akorn lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 142 and, therefore, Akorn denies same.

143.    The allegations contained in Paragraph 143 are directed toward another Defendant and, therefore, no response is required.   To the extent a response is required, Akorn lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 143 and, therefore, Akorn denies same.

144.    The allegations contained in Paragraph 144 are directed toward another Defendant and, therefore, no response is required.   To the extent a response is required, Akorn lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 144 and, therefore, Akorn denies same.

145.    The allegations contained in Paragraph 145 are directed toward another Defendant and, therefore, no response is required.   To the extent a response is required, Akorn lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 145 and, therefore, Akorn denies same.

146.    The allegations contained in Paragraph 146 are directed toward another Defendant and, therefore, no response is required.   To the extent a response is required, Akorn lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 146 and, therefore, Akorn denies same.

147.    The allegations contained in Paragraph 147 are directed toward another Defendant and, therefore, no response is required.   To the extent a response is required, Akorn lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 147 and, therefore, Akorn denies same.

148.    Akorn admits that the language quoted in Paragraph 148 is contained in the article cited in Footnote 34 of Paragraph 148, but Akorn refers to the article for a complete statement of its contents and denies the remaining allegations contained in Paragraph 148 to the extent they are inconsistent with the contents of the article.  Akorn lacks knowledge or information sufficient to form a belief as to the truth of the cited article's statements and, therefore, Akorn denies same. Akorn denies the remaining allegations contained in Paragraph 148.

149.    Akorn admits the language quoted in Paragraph 149 is contained in the article cited in Footnote 35 of Paragraph 149, but Akorn refers to the article for a complete statement of its contents and denies the remaining allegations contained in Paragraph 149 to the extent they are inconsistent with the contents of the article.  Akorn lacks knowledge or information sufficient to form a belief as to the truth of the cited article's statements and, therefore, Akorn denies same. Akorn denies the remaining allegations contained in Paragraph 149.

150.    Akorn lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 150 and, therefore, Akorn denies same.

151.    Akorn admits the language quoted in Paragraph 151 is contained in the press release cited in Footnote 38 of Paragraph 151, but Akorn refers to the press release for a complete statement of its contents and denies the remaining allegations contained in Paragraph 151 to the extent they are inconsistent with the contents of the press release.  Akorn lacks knowledge or information sufficient to form a belief as to the truth of the cited press release's statements and, therefore, Akorn denies same.  Akorn denies the remaining allegations contained in Paragraph 151.

152.    Akorn admits that the January 8, 2014 news release cited in Footnote 2 of Paragraph 10 reported that the NCPA sent a letter in January 2014 to the HELP Committee and the United States House Energy and Commerce Committee, but Akorn refers to the news release for a complete statement of its contents and denies the allegations contained in Paragraph 152 to the extent they are inconsistent with the contents of the news release.  Akorn lacks knowledge or information sufficient to form a belief as to the truth of the statements in the cited news release and, therefore, Akorn denies same.   Akorn denies the remaining allegations contained in Paragraph 152.

153.    Akorn admits that the allegations contained in Paragraph 153 appear to be a description of some of the information contained in the October 2, 2014 press release cited in Footnote 39 of Paragraph 153, but Akorn refers to the press release for a complete statement of its contents and denies the allegations contained in Paragraph 153 to the extent they are inconsistent with the contents of the press release.  Akorn lacks knowledge or information sufficient to form a belief as to the truth of the statements in the cited press release and, therefore, Akorn denies same.  Akorn lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 153 and, therefore, Akorn denies same.

154.    Akorn admits that the language quoted in Paragraph 154 from the February 24, 2015 letter to the OIG is contained in said letter cited in Footnote 40 of Paragraph 154, but Akorn refers to the letter for a complete statement of its contents and denies the remaining allegations contained in Paragraph 154 to the extent they are inconsistent with the letter.  Akorn lacks knowledge or information sufficient to form a belief as to the truth of the statements in the cited letter and, therefore, Akorn denies same.  Akorn also admits that the language quoted in Paragraph 154 from the April 13, 2015 letter is contained in said letter cited in Footnote 41, but Akorn refers to the letter for a complete statement of its contents and denies the remaining allegations contained in Paragraph 154 to the extent they are inconsistent with the letter.  Akorn lacks knowledge or information sufficient to form a belief as to the truth of the statements in the cited letter and, therefore, Akorn denies same.  Akorn denies the remaining allegations contained in Paragraph 154.

155.    Akorn admits that, according to the report cited in Footnote 42 of Paragraph 155, the GAO identified generic pharmaceuticals that experienced a price increase, but Akorn refers

to the report for a complete statement of its contents and denies the remaining allegations contained in Paragraph 155 to the extent they are inconsistent with the report. Akorn lacks knowledge or information sufficient to form a belief as to the truth of the statements in the report and, therefore, Akorn denies same. Akorn lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in Paragraph 155 and, therefore, Akorn denies same.

156. Akorn lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 156 and, therefore, Akorn denies same.

157. Akorn admits that the language quoted in Paragraph 157 is contained in the article cited in Footnote 44 of Paragraph 157, but Akorn refers to the article for a complete statement of its contents and denies the remaining allegations contained in Paragraph 157 to the extent they are inconsistent with the contents of the article. Akorn lacks knowledge or information sufficient to form a belief as to the truth of the statements in the cited article and, therefore, Akorn denies same. Akorn lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 157 and, therefore, Akorn denies same.

158. Paragraph 158 appears to consist of legal conclusions to which no response is required. To the extent a response is required, Akorn lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 158 and, therefore, Akorn denies same.

159. The allegations contained in Paragraph 159 are directed toward another Defendant and, therefore, no response is required. To the extent a response is required, Akorn lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 159 and, therefore, Akorn denies same.

160.    The allegations contained in Paragraph 160 are directed toward another Defendant and, therefore, no response is required.   To the extent a response is required, Akorn lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 160 and, therefore, Akorn denies same.

161.    The allegations contained in Paragraph 161 are directed toward another Defendant and, therefore, no response is required.   To the extent a response is required, Akorn lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 161 and, therefore, Akorn denies same.

162.    Akorn lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 162 and, therefore, Akorn denies same.

163.    Akorn lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 163 and, therefore, Akorn denies same.

164.    Akorn denies the allegations contained in Paragraph 164.

165.    Akorn admits the language quoted in Paragraph 165 is consistent with the language contained on the DOJ's website cited in Paragraph 165, but Akorn refers to the website for a complete statement of its contents and denies the remaining allegations contained in Paragraph 165 to the extent they are inconsistent with the website.   Akorn lacks knowledge or information sufficient to form a belief as to the truth of statements contained in the cited website and, therefore, Akorn denies same.   Akorn lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 165 and, therefore, Akorn denies same.

166.    Akorn admits that, according to the case cites referenced in Paragraph 166, on December 12, 2016, the DOJ filed charges against one individual (Glazer) and on December 13,

30

2016, the DOJ filed charges against another individual (Malek), but Akorn refers to the cases filed for a complete statement of their contents and Akorn denies the allegations contained in Paragraph 166 to the extent they are inconsistent with the cases.  Akorn lacks knowledge or information sufficient to form a belief as to the truth of the statements contained in the cited charges/cases and, therefore, Akorn denies same.  Akorn lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 166 and, therefore, Akorn denies same.

167.    Akorn admits that the cases referenced in Paragraph 167 and cited in Paragraph 166 allege that two individuals, Glazer and Malek, violated Section 1 of the Sherman Act, but Akorn refers to the citations for a complete statement of their contents and denies the allegations contained in Paragraph 167 that are inconsistent with the cases.  Akorn lacks knowledge or information sufficient to form a belief as to the truth of the statements contained in the cited cases and, therefore, Akorn denies same.  Akorn admits the language quoted in Paragraph 167 is consistent with the language contained in the transcript cited in Footnote 54 of Paragraph 167, but Akorn refers to the transcript for a complete statement of its contents and denies the remaining allegations contained in Paragraph 167 to the extent they are inconsistent with the transcript.  Akorn lacks knowledge or information sufficient to form a belief as to the truth of the statements contained in the cited transcript and, therefore, Akorn denies same.  Akorn lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 167 and, therefore, Akorn denies same.

168.    Akorn admits that the DOJ has intervened in MDL 2724.  Akorn admits the language quoted in Paragraph 168 is consistent with the language contained in the memorandum cited in Footnote 56 of Paragraph 168, but Akorn refers to the memorandum for a complete

statement of its contents and denies the remaining allegations contained in Paragraph 168 to the extent they are inconsistent with the memorandum.  Akorn lacks knowledge or information sufficient to form a belief as to the truth of the statements contained in the cited memorandum and, therefore, Akorn denies same.  Akorn admits the language quoted in Paragraph 168 is consistent with the language contained in the motion cited in Footnote 57 of Paragraph 168, but Akorn refers to the motion for a complete statement of its contents and denies the remaining allegations contained in Paragraph 168 to the extent they are inconsistent with the motion. Akorn lacks knowledge or information sufficient to form a belief as to the truth of the statements contained in the cited motion and, therefore, Akorn denies same.  Akorn lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 168 and, therefore, denies same.

169.    Akorn admits the language quoted in Paragraph 169 is consistent with the language contained in the DOJ's Spring 2017 Division Update cited in Footnote 58 of Paragraph 169, but Akorn refers to the Division Update for a complete statement of its contents and denies any remaining allegations contained in Paragraph 169 to the extent they are inconsistent with the Division Update.  Akorn lacks knowledge or information sufficient to form a belief as to the truth of the statements contained in the cited Division Update and, therefore, Akorn denies same.

170.    Akorn lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 170 and, therefore, Akorn denies same.

171.    Akorn admits that the language quoted in Paragraph 171 is contained in the press release cited in Footnote 61 of Paragraph 171, but Akorn refers to the press release for a complete statement of its contents and denies the remaining allegations contained in Paragraph 171 to the extent they are inconsistent with the contents of the press release.  Akorn lacks

knowledge or information sufficient to form a belief as to the truth of the statements contained in the cited press release and, therefore, Akorn denies same.   Akorn denies the remaining allegations contained in Paragraph 171.

172.   Akorn admits that Paragraph 172 includes information and language that is contained in the filings cited in Footnote 62 of Paragraph 172, but Akorn refers to the filings cited for a complete statement of their contents and denies the allegations contained in Paragraph 172 to the extent they are inconsistent with the contents of the filings.  Akorn lacks knowledge or information sufficient to form a belief as to the truth of the statements contained in the cited filings and, therefore, Akorn denies same.  Akorn lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 172 and, therefore, Akorn denies same.

173.   Akorn lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 173 and, therefore, Akorn denies same.

174.   Akorn admits that the language quoted in Paragraph 174 is contained in the press release cited in Footnote 64 of Paragraph 174, but Akorn refers to the press release for a complete statement of its contents and denies the allegations contained in Paragraph 174 to the extent they are inconsistent with the contents of the press release.  Akorn lacks knowledge or information sufficient to form a belief as to the truth of the statements contained in the cited press release and, therefore, Akorn denies same.   Akorn denies the remaining allegations contained in Paragraph 174.

175.   Akorn lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 175 and, therefore, Akorn denies same.

176.    Paragraph 176 consists of legal conclusions to which no response is required.  To the extent a response is required, Akorn denies the allegations contained in Paragraph 176.

177.    Akorn denies the allegations contained in Paragraph 177.

178.    Akorn denies the allegations contained in Paragraph 178.

179.    Paragraph 179 consists of legal conclusions to which no response is required.  To the extent a response is required, Akorn denies the allegations contained in Paragraph 179.

180.    Akorn denies the allegations contained in Paragraph 180.

181.    Akorn denies the allegations contained in Paragraph 181.

182.    Akorn denies the allegations contained in Paragraph 182.

183.    Akorn denies the allegations contained in Paragraph 183.

184.    Akorn denies the allegations contained in Paragraph 184.

185.    Akorn denies the allegations contained in Paragraph 185.

186.    Akorn denies the allegations contained in Paragraph 186.

187.    Akorn denies the allegations contained in Paragraph 187.

188.    Akorn denies the allegations contained in Paragraph 188.

189.    Akorn denies the allegations contained in Paragraph 189.

190.    Akorn denies the allegations contained in Paragraph 190.

191.    Akorn denies the allegations contained in Paragraph 191.

192.    Akorn repeats its foregoing answers and defenses as though fully set forth herein.

193.    Akorn denies the allegations contained in Paragraph 193.

194.    Akorn denies the allegations contained in Paragraph 194.

195.    Akorn denies the allegations contained in Paragraph 195.

196.    Akorn denies the allegations contained in Paragraph 196.

197.    Akorn denies the allegations contained in Paragraph 197.

198.    Akorn denies the allegations contained in Paragraph 198.

199.    Akorn denies the allegations contained in Paragraph 199.

200.    Akorn denies the allegations contained in Paragraph 200.

### III.    AKORN'S RESPONSE TO PLAINTIFFS' PRAYER FOR RELIEF

To the extent any response may be required to Plaintiffs' Prayer for Relief, Akorn denies that Plaintiffs are entitled to the requested relief, or to any relief whatsoever.

### IV.    AKORN'S RESPONSE TO PLAINTIFFS' JURY TRIAL DEMAND

No response is necessary to Plaintiffs' demand for a trial by jury.  To the extent a response is required, Akorn hereby demands a trial by jury on all issues that may be tried and decided by jury.

### V.    AKORN'S AFFIRMATIVE DEFENSES AND OTHER DEFENSES

Without assuming any burden it would not otherwise bear, and reserving its right to amend its Answer to assert additional defenses as they may become known during discovery, Akorn asserts the following separate and additional defenses:

### FIRST AFFIRMATIVE DEFENSE

1.    Plaintiffs fail to state a claim against Akorn upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2.    Plaintiffs' claims are barred, in whole or in part, because Plaintiffs and the putative class lack Article III and statutory standing to assert their claims.

### THIRD AFFIRMATIVE DEFENSE

3.    Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

### FOURTH AFFIRMATIVE DEFENSE

4.      Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not suffered any antitrust or other injury or damage as a result of any conduct alleged in this lawsuit.

### FIFTH AFFIRMATIVE DEFENSE

5.      Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to mitigate damages, if any, allegedly suffered as a result of the conduct they allege.

### SIXTH AFFIRMATIVE DEFENSE

6.      Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged damages, if any, are too remote and speculative and because of the impossibility of proof as to those damages.

### SEVENTH AFFIRMATIVE DEFENSE

7.      To the extent Plaintiffs' claims would result in Akon's paying damages to more than one claimant for the same alleged overcharge, they are barred because such multiple liability would violate rights guaranteed Akon by the United States Constitution, including, without limitation, rights guaranteed under the Due Process Clause of the Fifth and Fourteenth Amendments.

### EIGHTH AFFIRMATIVE DEFENSE

8.      Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, unclean hands, and/or laches.

### NINTH AFFIRMATIVE DEFENSE

9.      This action may not be maintained as a class action.

## TENTH AFFIRMATIVE DEFENSE

10.     Without admitting the existence of any contract, combination or conspiracy in restraint of trade, and expressly denying same, Plaintiffs' claims are barred, in whole or in part, by non-settling Defendants' right to set off any amounts paid to Plaintiffs by any Defendant(s) who have settled, or do settle, Plaintiffs' claims against them in this action.

## ELEVENTH AFFIRMATIVE DEFENSE

11.     Akon adopts by reference any additional, applicable defense pleaded by any other Defendant in this matter.

WHEREFORE, Akorn respectfully requests that this Court deny the relief requested by Plaintiffs, dismiss Plaintiffs' claims in their entirety with prejudice, award Akorn all reasonable attorneys' fees and costs, and afford Akorn any other relief as the Court finds just and proper.

Dated:  March 15, 2019                          Respectfully submitted,

By:  */s/ Anthony C. Porcelli*
Anthony C. Porcelli
POLSINELLI PC
150 N. Riverside Plaza, Suite 3000
Chicago, IL 60606
(312) 819-1900
(312) 819-1910 (fax)
aporcelli@polsinelli.com

Amy D. Fitts
POLSINELLI PC
900 W. 48th Place, Suite 900
Kansas City, MO 64112
(816) 753-1000
(816) 222-0425 (fax)
afitts@polsinelli.com

*Attorneys for Defendants Akorn, Inc. and*
*Hi-Tech Pharmacal Co., Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 15, 2019, a copy of the above and foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will serve a copy of the filing on all counsel of record.

_/s/ Anthony C. Porcelli_
*Attorney for Defendants Akorn, Inc. and*
*Hi-Tech Pharmacal Co., Inc.*