# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:  GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL 2724<br>16-MD-2724<br>HON. CYNTHIA M. RUFE |
| IN RE:  LIDOCAINE-PRILOCAINE CASES | |
| THIS DOCUMENT RELATES TO:<br><br>ALL DIRECT PURCHASER ACTIONS | 16-LD-27241 |

**SANDOZ INC. AND FOUGERA PHARMACEUTICALS INC.'S ANSWER TO THE LIDOCAINE-PRILOCAINE CONSOLIDATED DIRECT PURCHASER CLASS ACTION COMPLAINT**

# I.      INTRODUCTION

Defendants Sandoz Inc. ("Sandoz") and Fougera Pharmaceuticals Inc. ("Fougera"), by and through their undersigned counsel, and for their Answers to the Lidocaine-Prilocaine Consolidated Direct Purchaser Class Action Complaint (the "Lidocaine-Prilocaine DPP Complaint") filed by Plaintiffs Ahold USA, Inc., César Castillo, Inc., FWK Holdings, L.L.C., KPH Healthcare Services, Inc., a/k/a Kinney Drugs, Inc., and Rochester Drug Co-Operative, Inc., acting on behalf of themselves and all others similarly situated (together "Lidocaine-Prilocaine DPP Putative Class Plaintiffs"), each state as follows:

All allegations contained in the Lidocaine-Prilocaine DPP Complaint that are not specifically admitted in this Answer are denied.  Sandoz and Fougera are not required to respond to the headings, subheadings or footnotes in the Lidocaine-Prilocaine DPP Complaint.  To the extent a response is required, Sandoz and Fougera deny any assertions in the headings or subheadings of the Lidocaine-Prilocaine DPP Complaint.

## II.      SANDOZ AND FOUGERA'S ANSWERS AND RESPONSES TO THE ALLEGATIONS IN THE LIDOCAINE-PRILOCAINE DPP COMPLAINT

1.      Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 1 of the Lidocaine-Prilocaine DPP Complaint.

2.      Sandoz and Fougera each deny each and every allegation set forth in numbered Paragraph 2 of the Lidocaine-Prilocaine DPP Complaint, except that each admits that the entry of generic versions of branded drugs typically results in price competition and reductions in prices.

3.      Sandoz and Fougera each deny each and every allegation set forth in numbered Paragraph 3 of the Lidocaine-Prilocaine DPP Complaint, except that each admits that the

Lidocaine-Prilocaine DPP Putative Class Plaintiffs purport to seek monetary relief including treble damages.  Sandoz and Fougera each deny that the Lidocaine-Prilocaine DPP Putative Class Plaintiffs are entitled to any such relief.

4.      Sandoz and Fougera each admit that certain government agencies have announced investigations regarding generic pharmaceutical prices, and otherwise state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in numbered Paragraph 4 of the Lidocaine-Prilocaine DPP Complaint.

5.      Sandoz and Fougera each admit the allegations set forth in numbered Paragraph 5 of the Lidocaine-Prilocaine DPP Complaint.

6.      Sandoz and Fougera each admit that a branded version of Lidocaine-Prilocaine has been available in the United States for decades, and otherwise state that they are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations numbered Paragraph 6 of the Lidocaine-Prilocaine DPP Complaint.

7.      Sandoz and Fougera each deny each and every allegation set forth in numbered Paragraph 7 of the Lidocaine-Prilocaine DPP Complaint.

8.      Sandoz and Fougera each deny each and every allegation set forth in numbered Paragraph 8 of the Lidocaine-Prilocaine DPP Complaint.

9.      Sandoz and Fougera each admit that in March 2016, Sandoz received a subpoena from the Antitrust Division of the Department of Justice requesting documents related to the marketing and pricing of generic pharmaceutical products sold by Sandoz and Fougera.  Sandoz and Fougera further admit that other government agencies have announced investigations regarding generic pharmaceutical prices.  Sandoz and Fougera each state that they are without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in numbered Paragraph 9 of the Lidocaine-Prilocaine DPP Complaint.

10.     Sandoz and Fougera each admit that certain government agencies have announced investigations regarding generic pharmaceutical prices, and otherwise state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in numbered Paragraph 10 of the Lidocaine-Prilocaine DPP Complaint.

11.     Sandoz and Fougera each admit that the allegations set forth in numbered Paragraph 11 of the Lidocaine-Prilocaine DPP Complaint have been made in the public record, and each states that it is without sufficient knowledge to form a belief as to the truth of the underlying substance of the allegations.

12.     Sandoz and Fougera each admit that the quoted language is excerpted from the sources cited by the Lidocaine-Prilocaine DPP Putative Class Plaintiffs, and otherwise state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in numbered Paragraph 12 of the Lidocaine-Prilocaine DPP Complaint.

13.     Sandoz and Fougera each admit that the quoted language is excerpted from the sources cited by the Lidocaine-Prilocaine DPP Putative Class Plaintiffs, and otherwise state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in numbered Paragraph 13 of the Lidocaine-Prilocaine DPP Complaint.

14.     Sandoz and Fougera each admit that certain government agencies have represented that investigations regarding generic pharmaceutical prices are ongoing, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in numbered Paragraph 14 of the Lidocaine-Prilocaine DPP Complaint.

15.      Sandoz and Fougera each deny each and every allegation set forth in numbered Paragraph 15 of the Lidocaine-Prilocaine DPP Complaint.

16.      Sandoz and Fougera each admit that the Lidocaine-Prilocaine DPP Putative Class Plaintiffs, on behalf of themselves and absent direct purchaser class members, purport to seek damages, but  they each deny that Plaintiffs are entitled to any such relief.  Sandoz and Fougera deny the remaining allegations contained in numbered Paragraph 16 of the Lidocaine-Prilocaine DPP Complaint.

17.      Sandoz and Fougera each state that numbered Paragraph 17 of the Lidocaine-Prilocaine DPP Complaint states a legal conclusion as to which no response is required.

18.      Sandoz and Fougera each state that numbered Paragraph 18 of the Lidocaine-Prilocaine DPP Complaint states a legal conclusion as to which no response is required.

19.      Sandoz and Fougera each admit that Sandoz and Fougera sold Lidocaine-Prilocaine in the United States, state that certain allegations contained in numbered Paragraph 19 of the Lidocaine-Prilocaine DPP Complaint contain legal conclusions as to which no response is required, and state that they are without knowledge or information sufficient to form a belief regarding the remaining allegations set forth in numbered Paragraph 19 of the Lidocaine-Prilocaine DPP Complaint.

20.      Sandoz and Fougera each state that numbered Paragraph 20 of the Lidocaine-Prilocaine DPP Complaint states a legal conclusion as to which no response is required, but each denies that either Sandoz or Fougera was engaged in an unlawful conspiracy to inflate prices for Lidocaine-Prilocaine.

21.      Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 21 of

the Lidocaine-Prilocaine DPP Complaint.  Sandoz and Fougera each deny that they participated in an antitrust conspiracy.

22.     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 22 of the Lidocaine-Prilocaine DPP Complaint.  Sandoz and Fougera each deny that they participated in an antitrust conspiracy.

23.     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 23 of the Lidocaine-Prilocaine DPP Complaint.  Sandoz and Fougera each deny that they participated in an antitrust conspiracy.

24.     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 24 of the Lidocaine-Prilocaine DPP Complaint.  Sandoz and Fougera each deny that they participated in an antitrust conspiracy.

25.     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 25 of the Lidocaine-Prilocaine DPP Complaint.  Sandoz and Fougera each deny that they participated in an antitrust conspiracy.

26.     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 26 of the Lidocaine-Prilocaine DPP Complaint.

27.     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 27 of the Lidocaine-Prilocaine DPP Complaint.

28.     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 28 of the Lidocaine-Prilocaine DPP Complaint.

29.     Sandoz and Fougera each admit the allegations set forth in numbered Paragraph 29 of the Lidocaine-Prilocaine DPP Complaint.

30.     Sandoz and Fougera each admit the allegations set forth in numbered Paragraph 30 of the Lidocaine-Prilocaine DPP Complaint, and each admit that, to the best of their knowledge, they sold Lidocaine-Prilocaine to purchasers in this District and throughout the United States between 2014 and the present.

31.     Sandoz and Fougera each deny each and every allegation set forth in numbered Paragraph 31 of the Lidocaine-Prilocaine DPP Complaint.

32.     Sandoz and Fougera each deny each and every allegation set forth in numbered Paragraph 32 of the Lidocaine-Prilocaine DPP Complaint.

33.     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 33 of the Lidocaine-Prilocaine DPP Complaint and state that pursuant to Pretrial Order 61, no further amendment of the Lidocaine-Prilocaine DPP Complaint is permitted after December 21, 2018.

34.     Sandoz and Fougera each deny each and every allegation set forth in numbered Paragraph 34 of the Lidocaine-Prilocaine DPP Complaint.

35.     Sandoz and Fougera each deny each and every allegation set forth in numbered Paragraph 35 of the Lidocaine-Prilocaine DPP Complaint.

36.     Sandoz and Fougera each deny each and every allegation set forth in numbered Paragraph 36 of the Lidocaine-Prilocaine DPP Complaint.

37.     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 37 of the Lidocaine-Prilocaine DPP Complaint.

38.     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 38 of the Lidocaine-Prilocaine DPP Complaint with respect to whether Lidocaine-Prilocaine is produced by other Defendants or their affiliates in the United States or overseas, but each admits that Sandoz and Fougera produced Lidocaine-Prilocaine in the United States or overseas.

39.     Sandoz and Fougera each deny that they sold and distributed Lidocaine-Prilocaine "in a continuous and uninterrupted flow of interstate commerce," but each admits that Sandoz' and Fougera's sales of Lidocaine-Prilocaine in the United States included sales in this District. Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief regarding the remaining allegations set forth in numbered Paragraph 39 relating to the other Defendants in this litigation.

40.     Sandoz and Fougera each deny each and every allegation set forth in numbered Paragraph 40 of the Lidocaine-Prilocaine DPP Complaint.

41.     Sandoz and Fougera each deny each and every allegation set forth in numbered Paragraph 41 of the Lidocaine-Prilocaine DPP Complaint.

42.     Sandoz and Fougera each deny each and every allegation set forth in numbered Paragraph 42 of the Lidocaine-Prilocaine DPP Complaint.

43.     Sandoz and Fougera each deny each and every allegation set forth in numbered Paragraph 43 of the Lidocaine-Prilocaine DPP Complaint.

44.     Sandoz and Fougera each admit the allegations set forth in numbered Paragraph 44 of the Lidocaine-Prilocaine DPP Complaint.

45.     Sandoz and Fougera each admit the allegations set forth in numbered Paragraph 45 of the Lidocaine-Prilocaine DPP Complaint.

46.     Sandoz and Fougera each admit the allegations set forth in numbered Paragraph 46 of the Lidocaine-Prilocaine DPP Complaint.

47.     Sandoz and Fougera each generally admit the allegations set forth in numbered Paragraph 47 of the Lidocaine-Prilocaine DPP Complaint, except that each denies that the prices of generic drugs are always "significantly" below those of their brand name equivalents, or that generic drugs in all cases "rapidly" gain market share "immediately" following launch.

48.     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 48 of the Lidocaine-Prilocaine DPP Complaint.

49.     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 49 of the Lidocaine-Prilocaine DPP Complaint.

50.     Sandoz and Fougera each admit that the allegations set forth in numbered Paragraph 50 of the Lidocaine-Prilocaine DPP Complaint contain a statement published on the FTC website, but each denies the substance of the public statements, and each states that it is

without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in numbered Paragraph 50 of the Lidocaine-Prilocaine DPP Complaint.

51.     Sandoz and Fougera each admit that certain of the allegations set forth in numbered Paragraph 51 of the Lidocaine-Prilocaine DPP Complaint have been made in the public record, and otherwise state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in numbered Paragraph 51 of the Lidocaine-Prilocaine DPP Complaint.

52.     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 52 of the Lidocaine-Prilocaine DPP Complaint.

53.     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 53 of the Lidocaine-Prilocaine DPP Complaint.

54.     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 54 of the Lidocaine-Prilocaine DPP Complaint.

55.     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 55 of the Lidocaine-Prilocaine DPP Complaint.

56.     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 56 of the Lidocaine-Prilocaine DPP Complaint.

57.     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 57 of the Lidocaine-Prilocaine DPP Complaint.

58.     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 58 of the Lidocaine-Prilocaine DPP Complaint.

59.     Sandoz and Fougera each deny each and every allegation set forth in numbered Paragraph 59 of the Lidocaine-Prilocaine DPP Complaint.

60.     Sandoz and Fougera each deny that there was a "price fixing conspiracy" and each states that they are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in numbered Paragraph 60 of the Lidocaine-Prilocaine DPP Complaint.

61.     Sandoz and Fougera each deny each and every allegation set forth in numbered Paragraph 61 of the Lidocaine-Prilocaine DPP Complaint, except that each admits that the market for Lidocaine-Prilocaine has several generic competitors.

62.     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 62 of the Lidocaine-Prilocaine DPP Complaint.

63.     Sandoz and Fougera each deny that there was a "price fixing conspiracy" and each states that they are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in numbered Paragraph 63 of the Lidocaine-Prilocaine DPP Complaint.

64.     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 64 of the Lidocaine-Prilocaine DPP Complaint, except Sandoz admits that according to IMS data, Sandoz' sales of the relevant generic Lidocaine-Prilocaine formulations in 2015 were approximately the amount indicated in numbered Paragraph 64 of the Lidocaine-Prilocaine DPP Complaint.  However, Sandoz notes that IMS data is not completely accurate, as it does not fully account for rebates and discounts.

65.     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 65 of the Lidocaine-Prilocaine DPP Complaint.

66.     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 66 of the Lidocaine-Prilocaine DPP Complaint.

67.     Sandoz and Fougera admit that the allegations set forth in numbered Paragraph 67 of the Lidocaine-Prilocaine DPP Complaint are consistent with the available IMS data, but each denies that the IMS data represents "the average effective price per unit of Sandoz' products."

68.     Sandoz and Fougera deny that the price increases were "drastic" or "hikes" and they state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations relating to the "Hike Date," but each admits that the prices listed and percent increases provided in numbered Paragraph 68 are generally consistent with the available IMS data.  However, Sandoz notes that IMS data is not completely accurate, as it does not fully account for rebates and discounts.

69.     Sandoz and Fougera admit that the prices listed and percentage increases provided in numbered Paragraph 69 of the Lidocaine-Prilocaine DPP Complaint are generally consistent with the available IMS data.  However, Sandoz notes that IMS data is not completely accurate, as it does not fully account for rebates and discounts.

70.     Sandoz and Fougera each deny that the prices were "high," "remained so high" or that there was a price fixing conspiracy, and each admits that the prices listed and percentage increases provided in numbered Paragraph 70 of the Lidocaine-Prilocaine DPP Complaint are generally consistent with the available IMS data.  However, Sandoz notes that IMS data is not completely accurate, as it does not fully account for rebates and discounts.

71.     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 71 of the Lidocaine-Prilocaine DPP Complaint.

72.     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 72 of the Lidocaine-Prilocaine DPP Complaint.

73.     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 73 of the Lidocaine-Prilocaine DPP Complaint.

74.     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 74 of the Lidocaine-Prilocaine DPP Complaint.

75.     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 75 of the Lidocaine-Prilocaine DPP Complaint.

76.     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 76 of the Lidocaine-Prilocaine DPP Complaint.

77.     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 77 of the Lidocaine-Prilocaine DPP Complaint.

78.     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 78 of the Lidocaine-Prilocaine DPP Complaint.

79.     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 79 of the Lidocaine-Prilocaine DPP Complaint.

80.     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 80 of the Lidocaine-Prilocaine DPP Complaint.

81.     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 81 of the Lidocaine-Prilocaine DPP Complaint.

82.      Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 82 of the Lidocaine-Prilocaine DPP Complaint.

83.      Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 83 of the Lidocaine-Prilocaine DPP Complaint.

84.      Sandoz and Fougera each deny each and every allegation set forth in numbered Paragraph 84 of the Lidocaine-Prilocaine DPP Complaint, except each states that they are without knowledge or information sufficient to form a belief as to the truth regarding changes in cost, supply, and demand of Lidocaine-Prilocaine generally.

85.      Sandoz and Fougera each admit that Lidocaine-Prilocaine is not currently listed on the FDA's list of Current and Resolved Drug Shortages and Discontinuations or the ASHP Current and Resolved Shortage Bulletins.  Sandoz and Fougera each deny that the pricing for Lidocaine-Prilocaine was supra-competitive, and each states that they are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in numbered Paragraph 85 of the Lidocaine-Prilocaine DPP Complaint, such as whether other Defendants reported drug shortages or supply disruptions to the FDA.

86.      Sandoz and Fougera each deny each and every allegation set forth in numbered Paragraph 86 of the Lidocaine-Prilocaine DPP Complaint.

87.      Sandoz and Fougera each deny each and every allegation set forth in numbered Paragraph 87 of the Lidocaine-Prilocaine DPP Complaint.

88.      Sandoz and Fougera each deny each and every allegation set forth in numbered Paragraph 88 of the Lidocaine-Prilocaine DPP Complaint.

89.     Sandoz and Fougera each deny each and every allegation set forth in numbered Paragraph 89 of the Lidocaine-Prilocaine DPP Complaint.

(a)     Sandoz and Fougera each deny each and every allegation set forth in numbered Paragraph 89(a) of the Lidocaine-Prilocaine DPP Complaint.

(b)     Sandoz and Fougera each deny each and every allegation set forth in numbered Paragraph 89(b) of the Lidocaine-Prilocaine DPP Complaint.

(c)     Sandoz and Fougera each deny each and every allegation set forth in numbered Paragraph 89(c) of the Lidocaine-Prilocaine DPP Complaint.

(d)     Sandoz and Fougera each deny each and every allegation set forth in numbered Paragraph 89(d) of the Lidocaine-Prilocaine DPP Complaint.

(e)     Sandoz and Fougera each deny each and every allegation set forth in numbered Paragraph 89(e) of the Lidocaine-Prilocaine DPP Complaint.

(f)     Sandoz and Fougera each deny each and every allegation set forth in numbered Paragraph 89(f) of the Lidocaine-Prilocaine DPP Complaint.

(g)     Sandoz and Fougera each deny each and every allegation set forth in numbered Paragraph 89(g) of the Lidocaine-Prilocaine DPP Complaint.

90.     Sandoz and Fougera each deny each and every allegation set forth in numbered Paragraph 90 of the Lidocaine-Prilocaine DPP Complaint.

91.     Sandoz and Fougera each deny each and every allegation set forth in numbered Paragraph 91 of the Lidocaine-Prilocaine DPP Complaint.

92.     Sandoz and Fougera each admit that the language is quoted from the sources cited by the Lidocaine-Prilocaine DPP Putative Class Plaintiffs, and otherwise state that they are

without knowledge or information sufficient to form a belief as to the truth of the allegations in numbered Paragraph 92 of the Lidocaine-Prilocaine DPP Complaint.

93.     Sandoz and Fougera each deny each and every allegation set forth in numbered Paragraph 93 of the Lidocaine-Prilocaine DPP Complaint, except each admits that Sandoz and Fougera may have been members of trade associations and certain employees attended trade association meetings between January 1, 2010 through December 31, 2016 (the "Relevant Time Period").

94.     Sandoz and Fougera each admit that the text quoted in numbered Paragraph 94 of the Lidocaine-Prilocaine DPP Complaint consists of statements contained on the GPhA website, but each states that it is without knowledge or information sufficient to form a belief as to the truth of the statements contained therein.

95.     Sandoz and Fougera each admit that the text quoted in numbered Paragraph 95 of the Lidocaine-Prilocaine DPP Complaint consists of statements contained on the GPhA website, but each states that it is without knowledge or information sufficient to form a belief as to the truth of the statements contained therein.

96.     Sandoz and Fougera each admit that, to the best of their knowledge and based on the information currently available to them in this MDL, it may have been a member of the GPhA during the Relevant Time Period, admit that the text quoted in numbered Paragraph 96 of the Lidocaine-Prilocaine DPP Complaint consists of statements contained on the GPhA website, and state that they are without knowledge or information sufficient to form a belief as to the truth of the statements contained therein or the truth of the allegations as to the other Defendants in this litigation.

97.     Sandoz and Fougera each state that, except as provided below, they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 97 of the Lidocaine-Prilocaine DPP Complaint.

98.     Sandoz and Fougera each admit that, to the best of their knowledge, based on the information currently available to them, Don DeGolyer and David Klaum were members of the Board of Directors of GPhA in 2012.  Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in numbered Paragraph 98 of the Lidocaine-Prilocaine DPP Complaint.

99.     Sandoz and Fougera each admit that, to the best of their knowledge, based on the information currently available to them in this MDL, Don DeGolyer was a member of the Board of Directors of GPhA in 2013.  Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in numbered Paragraph 99 of the Lidocaine-Prilocaine DPP Complaint.

100.     Sandoz and Fougera each admit that, to the best of their knowledge, based on the information currently available to them in this MDL, Peter Goldschmidt was a member of the Board of Directors of GPhA in 2014.  Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in numbered Paragraph 100 of the Lidocaine-Prilocaine DPP Complaint.

101.     Sandoz and Fougera each admit that, to the best of their knowledge, based on the information currently available to them in this MDL, Peter Goldschmidt was a member of the Board of Directors of GPhA in 2015.  Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in numbered Paragraph 101 of the Lidocaine-Prilocaine DPP Complaint.

102.     Sandoz and Fougera each admit that, to the best of their knowledge, based on the information currently available to them in this MDL, Peter Goldschmidt was a member of the Board of Directors of GPhA in 2016.  Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in numbered Paragraph 102 of the Lidocaine-Prilocaine DPP Complaint.

103.     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 103 of the Lidocaine-Prilocaine DPP Complaint.

104.     Sandoz and Fougera each admit that the allegations set forth in numbered Paragraph 104 of the Lidocaine-Prilocaine DPP Complaint generally describe the NACDS, but each states that it is without knowledge or information sufficient to form a belief as to the truth of the substance of that description.

105.     Sandoz and Fougera each admit that the allegations set forth in numbered Paragraph 105 of the Lidocaine-Prilocaine DPP Complaint consist of selected text and information from the HDMA's website, and Sandoz admits that it may have been a member of HDMA/HDA during the Relevant Time Period.  Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the substance of quoted text or the remaining allegations set forth in numbered Paragraph 105 of the Lidocaine-Prilocaine DPP Complaint.

106.     Sandoz and Fougera each admit that the allegations set forth in numbered Paragraph 106 of the Lidocaine-Prilocaine DPP Complaint consist of selected text from the ECRM website, but each states that it is without knowledge or information sufficient to form a belief as to the truth of the substance of that text.

107.     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 107 of the Lidocaine-Prilocaine DPP Complaint.

108.     Sandoz and Fougera each admit that certain employees attended events of the organization named in numbered Paragraph 108 of the Lidocaine-Prilocaine DPP Complaint during the Relevant Time Period.  Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the remaining allegations set forth in numbered Paragraph 108 of the Lidocaine-Prilocaine DPP Complaint.

109.     Except as otherwise admitted below, Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 109 of the Lidocaine-Prilocaine DPP Complaint, except that each admits that, to the best of its knowledge, based on the information currently available to it in this MDL, the organizations listed held meetings during the Relevant Time Period.

110.     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 110 of the Lidocaine-Prilocaine DPP Complaint, except that each admits that, to the best of its knowledge, based on the information currently available to it in this MDL, on October 1-3, 2012, GPhA held its Annual Meeting in Bethesda, Maryland, and that certain Sandoz employees likely attended this event.

111.     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 111 of the Lidocaine-Prilocaine DPP Complaint, except that each admits that, to the best of its knowledge, based on the information currently available to it in this MDL, on February 20-22,

2013, GPhA held its annual meeting in Orlando, Florida, and that certain Sandoz employees likely attended this event.

112.       Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 112 of the Lidocaine-Prilocaine DPP Complaint, except it admits that, to the best of its knowledge, based on the information currently available to it in this MDL, the events described in numbered Paragraph 112 of the Lidocaine-Prilocaine DPP Complaint took place on the dates and at the location described in that numbered Paragraph, and that, as provided in subsection "c" below, certain Sandoz employees likely attended this event.

(a)       Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 112(a) of the Lidocaine-Prilocaine DPP Complaint.

(b)       Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 112(b) of the Lidocaine-Prilocaine DPP Complaint.

(c)       Sandoz admits that, to the best of its knowledge and based on information currently available to it in this MDL, its employees listed in numbered Paragraph 112(c) of the Lidocaine-Prilocaine DPP Complaint likely attended the above-referenced event.

113.       Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 113 of the Lidocaine-Prilocaine DPP Complaint, except that each admits that, to the best of its knowledge, based on the information currently available to it in this MDL, on June 4-5, 2013,

GPhA held a meeting in Bethesda, Maryland, and that certain Sandoz employees likely attended the June 4-5, 2013 GPhA meeting.

114.     Sandoz states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 114 of the Lidocaine-Prilocaine DPP Complaint, except it admits that, to the best of its knowledge, based on the information currently available to it in this MDL, on June 2-5, 2013, HDMA held its Business Leadership Conference in Orlando, Florida, and that, as provided in subsection "c" below, certain Sandoz employees likely attended this event.

(a)     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 114(a) of the Lidocaine-Prilocaine DPP Complaint.

(b)     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 114(b) of the Lidocaine-Prilocaine DPP Complaint.

(c)     Sandoz and Fougera each admit that, to the best of its knowledge and based on the information currently available to it in this MDL, certain of its employees likely attended the above-referenced event, but each states that they are without knowledge or information sufficient to form a belief as to whether Alan Ryan and Dawn Doggett were among those who attended.

115.     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 115 of the Lidocaine-Prilocaine DPP Complaint, except that each admits that, to the best of its knowledge, based on the information currently available to it in this MDL, on August 10-13,

2013, NACDS held its 2013 Total Store Expo at the Sands Expo and Convention Center in Las Vegas, Nevada, and that, as provided in subsection "d" below, certain Sandoz employees likely attended the August 10-13, 2013 NACDS Total Store Expo.

      (a)    Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 115(a) of the Lidocaine-Prilocaine DPP Complaint.

      (b)    Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 115(b) of the Lidocaine-Prilocaine DPP Complaint.

      (c)    Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 115(c) of the Lidocaine-Prilocaine DPP Complaint.

      (d)    Sandoz and Fougera each admits that, to the best of its knowledge and based on the information currently available to it in this MDL, the employees listed in numbered Paragraph 115(d) of the Lidocaine-Prilocaine DPP Complaint likely attended the above-referenced event, except each states that it is without knowledge or information sufficient to form a belief as to whether Anuj Hasija was among those employees who attended.

116.    Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 116 of the Lidocaine-Prilocaine DPP Complaint, except that each admits that, to the best of its knowledge, based on the information currently available to it in this MDL, on October 28-30, 2013, GPhA held a meeting in Bethesda, Maryland, and that certain Sandoz employees likely attended the October 28-30, 2013 GPhA Meeting.

117.     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 117 of the Lidocaine-Prilocaine DPP Complaint.

118.     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 118 of the Lidocaine-Prilocaine DPP Complaint, except that each admits that, to the best of its knowledge, based on the information currently available to it in this MDL, the event described in numbered Paragraph 118 of the Lidocaine-Prilocaine DPP Complaint took place on the dates and at the location described in that numbered Paragraph, and that, as provided in subsection "c" below, certain Sandoz employees likely attended that event.

(a)     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 118(a) of the Lidocaine-Prilocaine DPP Complaint.

(b)     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 118(b) of the Lidocaine-Prilocaine DPP Complaint.

(c)     Sandoz admits that, to the best of its knowledge and based on information currently available to it in this MDL, its employees listed in numbered Paragraph 118(c) of the Lidocaine-Prilocaine DPP Complaint likely attended the above-referenced event.

119.     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 119 of the Lidocaine-Prilocaine DPP Complaint, except that each admits that, to the best of its knowledge, based on the information currently available to it in this MDL, on June 1-4, 2014, the

HDMA held a Business Leadership Conference at the JW Marriott Desert Ridge in Phoenix, Arizona, and that, as provided in subsection "b" below, certain Sandoz employees likely attended the June 1-4, 2014 HDMA Business Leadership Conference.

(a)     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 119(a) of the Lidocaine-Prilocaine DPP Complaint.

(b)     Sandoz admits that, to the best of its knowledge and based on information currently available to it in this MDL, its employees listed in numbered Paragraph 119(b) of the Lidocaine-Prilocaine DPP Complaint likely attended the above-referenced event.

(c)     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 119(c) of the Lidocaine-Prilocaine DPP Complaint.

120.     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 120 of the Lidocaine-Prilocaine DPP Complaint.

121.     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 121 of the Lidocaine-Prilocaine DPP Complaint, except that each admits that, to the best of its knowledge, based on the information currently available to it in this MDL, on August 23-26, 2014, NACDS held its 2014 Total Store Expo at the Boston Convention Center in Boston, Massachusetts, and that, as provided in subsection "c" below, certain Sandoz employees likely attended the August 23-26, 2014 NACDS Total Store Expo.

(a)     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 121(a) of the Lidocaine-Prilocaine DPP Complaint.

(b)     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 121(b) of the Lidocaine-Prilocaine DPP Complaint.

(c)     Sandoz admits that, to the best of its knowledge and based on information currently available to it in this MDL, its employees listed in numbered Paragraph 121(c) of the Lidocaine-Prilocaine DPP Complaint likely attended the above-referenced event.

122.     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 122 of the Lidocaine-Prilocaine DPP Complaint, except that each admits that, to the best of its knowledge, based on the information currently available to it in this MDL, on October 27-29, 2014, GPhA held a meeting in Bethesda, Maryland.

123.     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 123 of the Lidocaine-Prilocaine DPP Complaint.

124.     Sandoz and Fougera each deny each and every allegation set forth in numbered Paragraph 124 of the Lidocaine-Prilocaine DPP Complaint.

125.     Sandoz and Fougera each deny each and every allegation set forth in numbered Paragraph 125 of the Lidocaine-Prilocaine DPP Complaint.

126.     Sandoz and Fougera each deny each and every allegation set forth in numbered Paragraph 126 of the Lidocaine-Prilocaine DPP Complaint, except that they each admit that their headquarters are located in New Jersey and New York.

127.     Sandoz and Fougera each state that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 127 of the Lidocaine-Prilocaine DPP Complaint, except each denies that its employees met with competitors and discussed competitively sensitive information at any such events described.

128.     Sandoz and Fougera each deny each and every allegation set forth in numbered Paragraph 128 of the Lidocaine-Prilocaine DPP Complaint.

129.     Sandoz and Fougera each deny each and every allegation set forth in numbered Paragraph 129 of the Lidocaine-Prilocaine DPP Complaint.

130.     Sandoz and Fougera each deny each and every allegation set forth in numbered Paragraph 130 of the Lidocaine-Prilocaine DPP Complaint.

131.     Sandoz and Fougera each deny each and every allegation set forth in numbered Paragraph 131 of the Lidocaine-Prilocaine DPP Complaint.

132.     Sandoz and Fougera each admit that the allegations set forth in numbered Paragraph 132 of the Lidocaine-Prilocaine DPP Complaint consist of public statements made during Hi-Tech's March 7, 2013 earnings call, but each states that it is without knowledge or information sufficient to form a belief as to the truth of the statements contained therein.

133.     Sandoz and Fougera each admit that the allegations set forth in numbered Paragraph 133 of the Lidocaine-Prilocaine DPP Complaint consist of public statements made during Akorn's August 5, 2014 earnings call, but each states that it is without knowledge or information sufficient to form a belief as to the truth of the statements contained therein.

134.     Sandoz and Fougera each admit that the allegations set forth in numbered Paragraph 134 of the Lidocaine-Prilocaine DPP Complaint consist of public statements made during Akorn's November 6, 2014 earnings call, but each states that it is without knowledge or information sufficient to form a belief as to the truth of the statements contained therein.

135.     Sandoz and Fougera each admit that the allegations set forth in numbered Paragraph 135 of the Lidocaine-Prilocaine DPP Complaint consist of public statements made in Akorn's 2015 annual report, but each states that it is without knowledge or information sufficient to form a belief as to the truth of the statements contained therein.

136.     Sandoz and Fougera each admit that the allegations set forth in numbered Paragraph 136 of the Lidocaine-Prilocaine DPP Complaint consist of public statements made during Akorn's August 4, 2016 earnings call, but each states that it is without knowledge or information sufficient to form a belief as to the truth of the statements contained therein.

137.     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 137 of the Lidocaine-Prilocaine DPP Complaint.

138.     Sandoz and Fougera each admit that the allegations set forth in numbered Paragraph 138 of the Lidocaine-Prilocaine DPP Complaint consist of public statements made during Impax' Q3 2013 earnings call, but each states that it is without knowledge or information sufficient to form a belief as to the truth of the statements contained therein.

139.     Sandoz and Fougera each admit that the allegations set forth in numbered Paragraph 139 of the Lidocaine-Prilocaine DPP Complaint consist of public statements made during Impax' February 20, 2014 earnings call, but each states that it is without knowledge or information sufficient to form a belief as to the truth of the statements contained therein.

140.     Sandoz and Fougera each admit that the allegations set forth in numbered Paragraph 140 of the Lidocaine-Prilocaine DPP Complaint consist of public statements made during Impax' Q1 2014 earnings call, but each states that it is without knowledge or information sufficient to form a belief as to the truth of the statements contained therein.

141.     Sandoz and Fougera each admit that the allegations set forth in numbered Paragraph 141 of the Lidocaine-Prilocaine DPP Complaint consist of public statements made during Impax' Q2 2014 earnings call, but each states that it is without knowledge or information sufficient to form a belief as to the truth of the statements contained therein.

142.     Sandoz and Fougera each admit that the allegations set forth in numbered Paragraph 142 of the Lidocaine-Prilocaine DPP Complaint consist of public statements made during Impax' November 4, 2014 earnings call, but each states that it is without knowledge or information sufficient to form a belief as to the truth of the statements contained therein.

143.     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 143 of the Lidocaine-Prilocaine DPP Complaint.

144.     Sandoz and Fougera each admit the allegations set forth in numbered Paragraph 144 of the Lidocaine-Prilocaine DPP Complaint.

145.     Sandoz and Fougera each admit the allegations set forth in numbered Paragraph 145 of the Lidocaine-Prilocaine DPP Complaint.

146.     Sandoz and Fougera each admit the allegations set forth in numbered Paragraph 146 of the Lidocaine-Prilocaine DPP Complaint.

147.     Sandoz and Fougera each admit the allegations set forth in numbered Paragraph 147 of the Lidocaine-Prilocaine DPP Complaint.

148.     Sandoz and Fougera each admit that the allegations set forth in numbered Paragraph 148 of the Lidocaine-Prilocaine DPP Complaint consist of statements contained in an article by Ed Silverman, but each states that it is without knowledge or information sufficient to form a belief as to the truth of the statements contained therein.

149.     Sandoz and Fougera each admit that the allegations set forth in numbered Paragraph 149 of the Lidocaine-Prilocaine DPP Complaint consist of statements contained in an article by Liam Vaughan and Jered S. Hopkins, but each states that it is without knowledge or information sufficient to form a belief as to the truth of the statements contained therein.

150.     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 150 of the Lidocaine-Prilocaine DPP Complaint.

151.     Sandoz and Fougera each admit that the allegations set forth in numbered Paragraph 151 of the Lidocaine-Prilocaine DPP Complaint consist of public statements made in a press release issued by the Pennsylvania Medical Society, but each states that it is without knowledge or information sufficient to form a belief as to the truth of the statements contained therein.

152.     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 152 of the Lidocaine-Prilocaine DPP Complaint.

153.     Sandoz and Fougera each admit that the allegations set forth in numbered Paragraph 153 of the Lidocaine-Prilocaine DPP Complaint consist of public statements made in a press release issued by Senator Sanders and Representative Cummings, but each states that it is

without knowledge or information sufficient to form a belief as to the truth of the statements contained therein.

154.        Sandoz and Fougera each admit that the allegations set forth in numbered Paragraph 154 of the Lidocaine-Prilocaine DPP Complaint consist of excerpts from letters between Senator Sanders and Representative Cummings and the Office of the Inspector General, but each states that it is without knowledge or information sufficient to form a belief as to the truth of the statements contained therein.

155.        Sandoz and Fougera each admit that the allegation set forth in numbered Paragraph 155 of the Lidocaine-Prilocaine DPP Complaint consists of an excerpt from the GAO's August 2016 report.

156.        Sandoz and Fougera each admit the allegations set forth in numbered Paragraph 156 of the Lidocaine-Prilocaine DPP Complaint, except each states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the date that DOJ opened a criminal investigation or empaneled a grand jury.

157.        Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 157 of the Lidocaine-Prilocaine DPP Complaint, except each admits that the quoted text is taken from the cited *Bloomberg* article, but each states that it is without knowledge or information sufficient to form a belief as to the truth of the statements contained therein.

158.        Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 158 of the Lidocaine-Prilocaine DPP Complaint.

159.     Sandoz and Fougera each admit that the allegations set forth in numbered Paragraph 159 of the Lidocaine-Prilocaine DPP Complaint consist of public statements made in Impax' SEC filings, but each states that it is without knowledge or information sufficient to form a belief as to the truth of the statements contained therein.

160.     Sandoz and Fougera each admit that the allegations set forth in numbered Paragraph 160 of the Lidocaine-Prilocaine DPP Complaint consist of public statements made in Impax' SEC filing, but each states that it is without knowledge or information sufficient to form a belief as to the truth of the statements contained therein.

161.     Sandoz and Fougera each admit the allegations contained in numbered Paragraph 161 of the Lidocaine-Prilocaine DPP Complaint.

162.     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 162 of the Lidocaine-Prilocaine DPP Complaint.

163.     Sandoz and Fougera each admit that the allegations set forth in numbered Paragraph 163 of the Lidocaine-Prilocaine DPP Complaint consist of excerpts from Chapter 3 of the 2014 edition of the DOJ's Antitrust Division Manual, but each states that it is without knowledge or information sufficient to form a belief as to the application of those excerpts to this case.

164.     Sandoz and Fougera each deny each and every allegation set forth in numbered Paragraph 164 of the Lidocaine-Prilocaine DPP Complaint.

165.     Sandoz and Fougera each admit that the allegations set forth in numbered Paragraph 165 of the Lidocaine-Prilocaine DPP Complaint consist of statements made available

on the DOJ's website, but each states that it is without knowledge or information sufficient to form a belief as to the application of those statements to this case.

166.     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 166 of the Lidocaine-Prilocaine DPP Complaint.

167.     Sandoz and Fougera each admit that the allegations set forth in numbered Paragraph 167 of the Lidocaine-Prilocaine DPP Complaint consist of statements made during a January 9, 2017 Plea Hearing, but each states that it is without knowledge or information sufficient to form a belief as to the truth of those statements or the truth of the remaining allegations in that numbered Paragraph.

168.     Sandoz and Fougera each admit that the DOJ has intervened in MDL 2724, and admit that the allegations set forth in numbered Paragraph 168 of the Lidocaine-Prilocaine DPP Complaint consist of statements made in the DOJ's Motion to Stay Discovery, but each states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the DOJ's investigation, and each denies the substance of the statements regarding the existence of an antitrust conspiracy.

169.     Sandoz and Fougera each admit that the allegations set forth in numbered Paragraph 169 of the Lidocaine-Prilocaine DPP Complaint consist of statements made in the DOJ's Spring 2017 Division Update, but each denies the substance of the public statements relating to alleged collusion.

170.     Sandoz and Fougera each admit that the allegations set forth in numbered Paragraph 170 of the Lidocaine-Prilocaine DPP Complaint consist of statements made in the

States' original complaint, *The Connecticut Mirror* and by CTAG George Jespen, but each denies the substance of the statements.

171.     Sandoz and Fougera each admit that the allegations set forth in numbered Paragraph 171 of the Lidocaine-Prilocaine DPP Complaint consist of public statements made by Connecticut Attorney General George Jepsen, but each states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the scope of the Connecticut Attorney General's investigation, and each denies the substance of the statements.

172.     Sandoz and Fougera each admit that the allegations set forth in numbered Paragraph 172 of the Lidocaine-Prilocaine DPP Complaint consist of statements made in the States' filings in this MDL, but each denies the substance of the statements.

173.     Sandoz and Fougera each admit that the allegations set forth in numbered Paragraph 173 of the Lidocaine-Prilocaine DPP Complaint consist of public statements made by Connecticut Assistant Attorney General W. Joseph Nielsen, but each denies the substance of the statements.

174.     Sandoz and Fougera each admit that the allegations set forth in numbered Paragraph 174 of the Lidocaine-Prilocaine DPP Complaint consist of public statements made by former New York Attorney General Eric T. Schneiderman, but each denies the substance of the statements.

175.     Sandoz and Fougera each state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in numbered Paragraph 175 of the Lidocaine-Prilocaine DPP Complaint, except each admits that the DOJ and States have represented that their investigations are ongoing.

176.      Sandoz and Fougera each deny each and every allegation and legal conclusion set forth in numbered Paragraph 176 of the Lidocaine-Prilocaine DPP Complaint.

177.      Sandoz and Fougera each deny each and every allegation and legal conclusion set forth in numbered Paragraphs 177(1)-(10) of the Lidocaine-Prilocaine DPP Complaint.

178.      Sandoz and Fougera each deny each and every allegation and legal conclusion set forth in numbered Paragraph 178 of the Lidocaine-Prilocaine DPP Complaint.

179.      Sandoz and Fougera each deny each and every allegation and legal conclusion set forth in numbered Paragraph 179 of the Lidocaine-Prilocaine DPP Complaint.

180.      Sandoz and Fougera each deny each and every allegation and legal conclusion set forth in numbered Paragraph 180 of the Lidocaine-Prilocaine DPP Complaint.

181.      Sandoz and Fougera each deny each and every allegation and legal conclusion set forth in numbered Paragraph 181 of the Lidocaine-Prilocaine DPP Complaint.

182.      Sandoz and Fougera each deny each and every allegation and legal conclusion set forth in numbered Paragraph 182 of the Lidocaine-Prilocaine DPP Complaint.

183.      Sandoz and Fougera each admit that, to the best of their knowledge, lead counsel for the Lidocaine-Prilocaine DPP Putative Class Plaintiffs are experienced and competent antitrust class action attorneys.

184.      Sandoz and Fougera each deny each and every allegation and legal conclusion set forth in numbered Paragraph 184 of the Lidocaine-Prilocaine DPP Complaint.

185.      Sandoz and Fougera each deny each and every allegation and legal conclusion set forth in numbered Paragraph 185 of the Lidocaine-Prilocaine DPP Complaint.

186.      Sandoz and Fougera each deny each and every allegation and legal conclusion set forth in numbered Paragraph 186 of the Lidocaine-Prilocaine DPP Complaint.

187.     Sandoz and Fougera each deny the legal conclusions set forth in numbered Paragraph 187 of the Lidocaine-Prilocaine DPP Complaint.

188.     Sandoz and Fougera each deny each and every allegation and legal conclusion set forth in numbered Paragraph 188 of the Lidocaine-Prilocaine DPP Complaint, except as otherwise admitted herein.

189.     Sandoz and Fougera each deny each and every allegation and legal conclusion set forth in numbered Paragraph 189 of the Lidocaine-Prilocaine DPP Complaint.

190.     Sandoz and Fougera each deny each and every allegation and legal conclusion set forth in numbered Paragraph 190 of the Lidocaine-Prilocaine DPP Complaint.

191.     Sandoz and Fougera each deny each and every allegation and legal conclusion set forth in numbered Paragraph 191 of the Lidocaine-Prilocaine DPP Complaint.

192.     Numbered Paragraph 192 of the Lidocaine-Prilocaine DPP Complaint states a legal conclusion to which no response is required.

193.     Sandoz and Fougera each deny each and every allegation and legal conclusion set forth in numbered Paragraph 193 of the Lidocaine-Prilocaine DPP Complaint.

194.     Sandoz and Fougera each deny each and every allegation and legal conclusion set forth in numbered Paragraph 194 of the Lidocaine-Prilocaine DPP Complaint.

195.     Sandoz and Fougera each deny each and every allegation and legal conclusion set forth in numbered Paragraph 195 of the Lidocaine-Prilocaine DPP Complaint.

196.     Sandoz and Fougera each deny each and every allegation and legal conclusion set forth in numbered Paragraph 196 of the Lidocaine-Prilocaine DPP Complaint.

197.     Sandoz and Fougera each deny each and every allegation and legal conclusion set forth in numbered Paragraph 197 of the Lidocaine-Prilocaine DPP Complaint.

198.     Sandoz and Fougera each deny each and every allegation and legal conclusion set forth in numbered Paragraph 198 of the Lidocaine-Prilocaine DPP Complaint.

199.     Sandoz and Fougera each deny each and every allegation and legal conclusion set forth in numbered Paragraph 199 of the Lidocaine-Prilocaine DPP Complaint.

200.     Sandoz and Fougera each deny each and every allegation and legal conclusion set forth in numbered Paragraph 200 of the Lidocaine-Prilocaine DPP Complaint.

## III.     SANDOZ AND FOUGERA'S RESPONSE  TO PLAINTIFFS' PRAYER FOR RELIEF

201.     Sandoz and Fougera each deny that the Lidocaine-Prilocaine DPP Putative Class Plaintiffs are entitled to any relief.

## IV.     SANDOZ AND FOUGERA'S RESPONSE TO PLAINTIFFS' JURY TRIAL DEMAND

202.     No response is necessary to the Lidocaine-Prilocaine DPP Putative Class Plaintiffs' demand for a trial by jury.

## V.     SANDOZ AND FOUGERA'S AFFIRMATIVE DEFENSES

### First Defense

203.     The Lidocaine-Prilocaine DPP Complaint fails to state a claim against Sandoz and Fougera upon which relief can be granted.

### Second Defense

204.     The Lidocaine-Prilocaine DPP Putative Class Plaintiffs' claims are barred, in whole or in part, because they lack Article III and statutory standing to assert their claims.

### Third Defense

205.     The Lidocaine-Prilocaine DPP Putative Class Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

### Fourth Defense

206.    The Lidocaine-Prilocaine DPP Putative Class Plaintiffs' claims are barred, in whole or in part, because they failed to mitigate damages, if any, allegedly suffered as a result of the conduct they allege.

### Fifth Defense

207.    The Lidocaine-Prilocaine DPP Putative Class Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, unclean hands, and/or laches.

### Sixth Defense

208.    The Lidocaine-Prilocaine DPP Putative Class Plaintiffs' claims against Sandoz and Fougera are barred because the Lidocaine-Prilocaine DPP Putative Class Plaintiffs have not suffered any antitrust injury.

### Seventh Defense

209.    The Lidocaine-Prilocaine DPP Putative Class Plaintiffs' claims against Sandoz and Fougera are barred because the Lidocaine-Prilocaine DPP Putative Class Plaintiffs' alleged damages, if any, are speculative and uncertain.

### Eighth Defense

210.    The Lidocaine-Prilocaine DPP Putative Class Plaintiffs' claims against Sandoz and Fougera are barred because the relief sought is broader than what is necessary to remedy the alleged harm.

### Ninth Defense

211.    This action may not be maintained as a class action.

**<u>Reservation of Defenses and Affirmative Defenses</u>**

212.       Sandoz and Fougera hereby give notice that they intend to assert and rely upon

such other defenses and affirmative defenses that may become available or apparent as this

action proceeds, and thus reserve the right to amend this Answer to assert such defenses.

Dated:  March 15, 2019

<div align="center">

*/s/ Saul P. Morgenstern*　　　　　
Saul P. Morgenstern
Margaret A. Rogers
Amanda C. Croushore
Kathryn L. Rosenberg
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York  10019
Tel:  (212) 836-8000
Fax:  (212) 836-8689
saul.morgenstern@arnoldporter.com
margaret.rogers@arnoldporter.com
amanda.croushore@arnoldporter.com
kathryn.rosenberg@arnoldporter.com

Laura S. Shores
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC  20001
Tel:  (202) 942-5000
Fax:  (202) 942-5999
laura.shores@arnoldporter.com

*Counsel for Defendants Sandoz Inc. and*
*Fougera Pharmaceuticals Inc.*

</div>

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on March 15, 2019, I caused a copy of Sandoz' and Fougera's Answers and Affirmative Defenses to the Lidocaine-Prilocaine Consolidated Direct Purchaser Class Action Complaint to be filed electronically with the Clerk of Court by using the CM/ECF system, which will serve a copy on all counsel of record in the above-captioned action and is available for viewing and downloading from the ECF system.

<div style="margin-left: 40%;">

*/s/ Saul P. Morgenstern*
Saul P. Morgenstern

</div>