# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL 2724<br>16-MD-2724<br>HON. CYNTHIA M. RUFE |
| IN RE: LIDOCAINE-PRILOCAINE CASES<br><br>THIS DOCUMENT RELATES TO:<br><br>*ALL LIDOCAINE-PRILOCAINE DIRECT PURCHASER ACTIONS* | LEAD CASE: 16-LD-27240<br>DIRECT CASE: 16-LD-27241 |
| AHOLD USA, INC.; CÉSAR CASTILLO, INC.; FWK HOLDINGS, L.L.C.; KPH HEALTHCARE SERVICES, INC., a/k/a KINNEY DRUGS, INC.; and ROCHESTER DRUG CO-OPERATIVE, INC.; on behalf of themselves and all others similarly situated,<br><br>                   Plaintiffs,<br><br>v.<br><br>AKORN, INC; FOUGERA PHARMACEUTICALS INC.; HI-TECH PHARMACAL CO, INC.; IMPAX LABORATORIES, INC.; and SANDOZ, INC.,<br><br>                   Defendants. | JURY TRIAL DEMANDED |

## <u>DEFENDANT IMPAX LABORATORIES, INC.'S ANSWER TO CONSOLIDATED DIRECT PURCHASER CLASS ACTION COMPLAINT</u>

Defendant Impax Laboratories, Inc. ("Impax"), by and through its undersigned attorneys, answers the Consolidated Direct Purchaser Class Action Complaint ("Complaint") as set forth below.

Impax denies all allegations contained in the headings, subheadings, and footnotes in the Complaint.  The inclusion of Plaintiffs' headings in this answer is for convenience and ease of

reference only and shall not constitute or be construed as an admission by Impax of any fact or characterization contained therein.  To the extent any of the factual allegations or citations in any footnote may be deemed to require a response, they are denied.  Impax denies that the Complaint completely and accurately quotes the documents cited in footnotes or numbered paragraphs. Any admission for a paragraph that purports to cite to, quote from, or describe a source is not an admission that Plaintiffs have completely and accurately cited, quoted, or described that source. Any answer to a paragraph that purports to cite to or quote from a source is not an admission of any allegation within that quoted material.

Impax denies all allegations not specifically admitted in this answer. Except as otherwise sufficiently stated above, Impax lacks knowledge and information sufficient to form a belief as to the truth of the allegations that are directed toward other Defendants and on that basis denies those allegations.

Impax's investigation in this matter continues.  Impax has not yet obtained discovery from Plaintiffs, the other Defendants, or others pertaining to the allegations in the Complaint. Impax therefore reserves its right to amend this answer and to assert additional defenses to Plaintiffs' claims.

## I.    INTRODUCTION

1.    Impax admits that the allegations contained in Paragraph 1 of the Complaint purport to describe a putative class but denies that the putative class defined in the Complaint is proper and further denies that this action can be maintained as a class action pursuant to Federal Rules of Civil Procedure 23.  Impax denies the remaining allegations contained in Paragraph 1 of the Complaint.

2.    Impax denies the allegations contained in Paragraph 2 of the Complaint.

3.      Impax admits that the allegations contained in Paragraph 3 of the Complaint purport to summarize Plaintiffs' claims and theories but denies that Impax participated in any conspiracy to fix, maintain, or stabilize prices, rig bids, or engage in market or customer allocation in the sale of lidocaine-prilocaine or any other generic pharmaceutical product.  Impax denies the remaining allegations contained in Paragraph 3 of the Complaint.

4.      Impax lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint and, therefore, denies them.

5.      Impax admits that lidocaine-prilocaine is a topical anesthetic.  Impax lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 5 of the Complaint and, therefore, denies them.

6.      Impax lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint and, therefore, denies them.

7.      Impax denies the allegations contained in Paragraph 7 of the Complaint.

8.      Impax denies the allegations contained in Paragraph 8 of the Complaint.

9.      Impax denies that it engaged in price fixing or any other anticompetitive conduct. Impax admits that Impax and one of its former sales representatives received subpoenas from a federal grand jury empaneled by the Antitrust Division of the United States Department of Justice in the U.S. District Court for the Eastern District of Pennsylvania.  Impax lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 9 of the Complaint and, therefore, denies them.

10.      Impax lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint and, therefore, denies them.

11.      Impax lacks knowledge and information sufficient to form a belief as to the truth

of the allegations contained in Paragraph 11 of the Complaint and, therefore, denies them.

12.     Impax denies that it engaged in collusion.  Impax admits that the United States Department of Justice filed a motion to stay discovery in this litigation, the content of which speaks for itself.  Impax lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 12 of the Complaint and, therefore, denies them.

13.     Impax lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint and, therefore, denies them.

14.     Impax lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint and, therefore, denies them.

15.     Impax denies the allegations contained in Paragraph 15 of the Complaint.

16.     Impax admits that Paragraph 16 of the Complaint purports to summarize Plaintiffs' claim and putative class but denies that Plaintiffs are entitled to any relief.  Impax denies the remaining allegations contained in Paragraph 16 of the Complaint.

## II.     JURISDICTION AND VENUE

17.     Impax states that the allegations contained in Paragraph 17 of the Complaint purport to state a legal conclusion to which no response is required, and, therefore, denies them.

18.     Impax states that the allegations contained in Paragraph 18 of the Complaint purport to state a legal conclusion to which no response is required, and, therefore, denies them.

19.     Impax states that the allegations contained in Paragraph 19 of the Complaint purport to state a legal conclusion to which no response is required, and, therefore, denies them.

20.     Impax states that the allegations contained in Paragraph 20 of the Complaint purport to state a legal conclusion to which no response is required, and, therefore, denies them.

### III.   PARTIES

21.     Impax denies that it engaged in an antitrust conspiracy or other illegal conduct and denies that Plaintiffs paid supracompetitive prices for their lidocaine-prilocaine purchases. Impax lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 21 of the Complaint and, therefore, denies them.

22.     Impax denies that it engaged in an antitrust conspiracy or other illegal conduct and denies that Plaintiffs paid supracompetitive prices for their lidocaine-prilocaine purchases. Impax lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 22 of the Complaint and, therefore, denies them.

23.     Impax denies that it engaged in an antitrust conspiracy or other illegal conduct and denies that Plaintiffs paid supracompetitive prices for their lidocaine-prilocaine purchases. Impax lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 23 of the Complaint and, therefore, denies them.

24.     Impax denies that it engaged in an antitrust conspiracy or other illegal conduct and denies that Plaintiffs paid supracompetitive prices for their lidocaine-prilocaine purchases. Impax lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 24 of the Complaint and, therefore, denies them.

25.     Impax denies that it engaged in an antitrust conspiracy or other illegal conduct and denies that Plaintiffs paid supracompetitive prices for their lidocaine-prilocaine purchases. Impax lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 25 of the Complaint and, therefore, denies them.

26.     Impax lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint and, therefore, denies them.

27.     Impax lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint and, therefore, denies them.

28.     Impax admits that, during a portion of the proposed class period, it was incorporated in the state of Delaware, maintained its principal place of business in Hayward, California, and marketed and sold lidocaine-prilocaine in the United States.  Impax denies the remaining allegations contained in Paragraph 28 of the Complaint.

29.     Impax lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint and, therefore, denies them.

30.     Impax lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint and, therefore, denies them.

31.     Impax denies the allegations contained in Paragraph 31 of the Complaint.

32.     Impax denies the allegations contained in Paragraph 32 of the Complaint.

33.     Impax denies that it engaged in a conspiracy.  Impax lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 33 of the Complaint and, therefore, denies them.

34.     Impax denies the allegations contained in Paragraph 34 of the Complaint.

35.     Impax denies that it engaged in a conspiracy.  Impax lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint regarding the alleged acts of unnamed parties and, therefore, denies them. Impax denies the remaining allegations contained in Paragraph 35 of the Complaint.

36.     Impax denies the allegations contained in Paragraph 36 of the Complaint.

IV.     **INTERSTATE TRADE AND COMMERCE**

37.     Impax admits that, for a portion of the proposed class period, it sold lidocaine-

prilocaine in the United States.  Impax lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 37 of the Complaint and, therefore, denies them.

38.     Impax admits that, for a portion of the proposed class period, lidocaine-prilocaine was produced by or on behalf of Impax in the United States or overseas.  Impax lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 38 of the Complaint and, therefore, denies them.

39.     Impax states that the allegations contained in Paragraph 39 of the Complaint regarding interstate commerce purport to state a legal conclusion to which no response is required and, therefore, denies them.  Impax admits that, during a portion of the proposed class period, it sold lidocaine-prilocaine in the United States; lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint regarding other Defendants and, therefore, denies them; and denies the remaining allegations contained in Paragraph 39 of the Complaint.

40.     Impax states that the allegations contained in Paragraph 40 of the Complaint regarding interstate commerce purport to state a legal conclusion to which no response is required and, therefore, denies them.  Impax denies that it engaged in the activities alleged in the Complaint and, therefore, denies the allegations contained in Paragraph 40 of the Complaint to the extent that they pertain to Impax; lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 regarding other Defendants and unnamed parties and, therefore, denies them; and denies the remaining allegations contained in Paragraph 40 of the Complaint.

41.     Impax denies the allegations contained in Paragraph 41 of the Complaint.

42.     Impax denies the allegations contained in Paragraph 42 of the Complaint.

43.     Impax denies the allegations contained in Paragraph 43 of the Complaint.

## V.      FACTUAL ALLEGATIONS

44.     Impax admits that the allegations contained in Paragraph 44 of the Complaint purport to describe the statutory and regulatory framework governing the approval of generic pharmaceutical products, the content of which speaks for itself, but denies that the allegations' characterization is complete and accurate.  Impax denies that the allegations contained in Paragraph 44 of the Complaint provide a complete and accurate description of the aspects of the generic pharmaceutical industry described therein, states that issues pertaining to the marketing and pricing of generic pharmaceutical products differ, *inter alia*, from supplier to supplier and product to product, and therefore lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 44 of the Complaint and, on that basis, denies them.

45.     Impax admits that the allegations contained in Paragraph 45 of the Complaint purport to describe the statutory and regulatory framework governing the approval of generic pharmaceutical products, the content of which speaks for itself, but denies that the allegations' characterization is complete and accurate.

46.     Impax admits that the allegations contained in Paragraph 46 of the Complaint purport to describe the statutory and regulatory framework governing the approval of generic pharmaceutical products, the content of which speaks for itself, but denies that the allegations' characterization is complete and accurate.

47.     Impax lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Complaint and, therefore, denies them.

48.     Impax lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Complaint and, therefore, denies them.

49.     Impax lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Complaint and, therefore, denies them.

50.     Impax lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Complaint and, therefore, denies them.

51.     Impax lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the Complaint and, therefore, denies them.

52.     Impax denies the allegations contained in Paragraph 52 of the Complaint.

53.     Impax admits that the allegations contained in Paragraph 53 of the Complaint purport to describe Wholesale Acquisition Cost but denies that the allegations' characterization is complete and accurate.  Impax lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 53 of the Complaint and, therefore, denies them.

54.     Impax lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of the Complaint regarding contracts between pharmacy benefits managers and pharmacies or the prices charged by other generic pharmaceutical suppliers and, therefore, denies them.  Impax denies the remaining allegations contained in Paragraph 54 of the Complaint.

55.     Impax lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of the Complaint and, therefore, denies them.

56.     Impax lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of the Complaint and, therefore, denies them.

57.     Impax denies the allegations contained in Paragraph 57 of the Complaint.

58.     Impax lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of the Complaint and, therefore, denies them.

59.     Impax denies the allegations contained in Paragraph 59 of the Complaint.

60.     Impax lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 regarding Defendants' total revenues from direct sales of lidocaine-prilocaine in 2013 and 2015 and, therefore, denies them.  Impax denies the remaining allegations contained in Paragraph 60 of the Complaint

61.     Impax denies the allegations contained in Paragraph 61 of the Complaint.

62.     Impax denies the allegations contained in Paragraph 62 of the Complaint.

63.     Impax lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of the Complaint and, therefore, denies them.

64.     Impax lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 regarding other Defendants and, therefore, denies them.  Impax denies the remaining allegations contained in Paragraph 64 of the Complaint.

65.     Impax lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 of the Complaint regarding the effective prices of lidocaine-prilocaine and, therefore, denies them.  Impax denies the remaining allegations contained in Paragraph 65 of the Complaint.

66.     Impax lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 of the Complaint regarding other Defendants and, therefore, denies them.  Impax denies the remaining allegations contained in Paragraph 66 of the Complaint.

67. Impax lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 of the Complaint and, therefore, denies them.

68. Impax lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 of the Complaint and, therefore, denies them.

69. Impax denies that it engaged in any price-fixing conspiracy.  Impax lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 69 of the Complaint and, therefore, denies them.

70. Impax denies that it engaged in any price-fixing conspiracy.  Impax lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 70 of the Complaint and, therefore, denies them.

71. Impax lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 of the Complaint and, therefore, denies them.

72. Impax lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 of the Complaint regarding Impax's effective prices and, therefore, denies them.  Impax denies the remaining allegations contained in Paragraph 72 of the Complaint.

73. Impax denies the allegations contained in Paragraph 73 of the Complaint.

74. Impax denies the allegations contained in Paragraph 74 of the Complaint.

75. Impax lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 of the Complaint and, therefore, denies them.

76. Impax lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 of the Complaint and, therefore, denies them.

77. Impax denies that it engaged in any price-fixing conspiracy.  Impax lacks

knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 77 of the Complaint and, therefore, denies them.

78.     Impax denies that it engaged in any price-fixing conspiracy.  Impax lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 78 of the Complaint and, therefore, denies them.

79.     Impax lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 of the Complaint and, therefore, denies them.

80.     Impax lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 of the Complaint and, therefore, denies them.

81.     Impax denies that it engaged in any price-fixing conspiracy.  Impax lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 81 of the Complaint and, therefore, denies them.

82.     Impax lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 of the Complaint and, therefore, denies them.

83.     Impax lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 of the Complaint and, therefore, denies them.

84.     Impax denies the allegations contained in Paragraph 84 of the Complaint.

85.     Impax denies that it engaged in supracompetitive pricing of lidocaine-prilocaine. Impax admits that the allegations contained in Paragraph 85 of the Complaint purport to describe the statutory and regulatory framework governing drug shortages, the content of which speaks for itself, but denies that the allegations' characterization is complete and accurate.  Impax lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 of the Complaint regarding other Defendants or current or archived lists of drug

shortages and, therefore, denies them.  Impax denies the remaining allegations contained in Paragraph 85 of the Complaint.

86.     Impax lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 of the Complaint regarding Defendants' share of direct sales of lidocaine-prilocaine.  Impax denies the remaining allegations contained in Paragraph 86 of the Complaint.

87.     Impax denies the allegations contained in Paragraph 87 of the Complaint.

88.     Impax denies the allegations contained in Paragraph 88 of the Complaint.

89.     Impax denies the allegations contained in Paragraph 89 of the Complaint.

90.     Impax denies the allegations contained in Paragraph 90 of the Complaint.

91.     Impax denies the allegations contained in Paragraph 91 of the Complaint.

92.     Impax denies that it engaged in collusion with competing generic pharmaceutical companies.  Impax lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 92 of the Complaint and, therefore, denies them.

93.     Impax admits that certain of its employees have on occasion attended meetings sponsored by the ECRM.  Impax lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93 of the Complaint regarding other Defendants and, therefore, denies them.  Impax denies the remaining allegations contained in Paragraph 93 of the Complaint.

94.     Impax lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 of the Complaint and, therefore, denies them.

95.     Impax lacks knowledge and information sufficient to form a belief as to the truth

of the allegations contained in Paragraph 95 of the Complaint and, therefore, denies them.

96.     Impax admits that it was a member of the GPhA during a portion of the proposed class period.  Impax lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 96 of the Complaint and, therefore, denies them.

97.     Impax admits that Carole Ben-Maimon and Marcy Macdonald served on GPhA's board of directors.  Impax lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97 of the Complaint regarding other Defendants and, therefore, denies them.  Impax denies the remaining allegations contained in Paragraph 97 of the Complaint.

98.     Impax admits that Carole Ben-Maimon served on GPhA's board of directors.  Impax lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 of the Complaint regarding other Defendants and, therefore, denies them.  Impax denies the remaining allegations contained in Paragraph 98 of the Complaint.

99.     Impax admits that Carole Ben-Maimon served on GPhA's board of directors.  Impax lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99 of the Complaint regarding other Defendants and, therefore, denies them.  Impax denies the remaining allegations contained in Paragraph 99 of the Complaint.

100.     Impax admits that Carole Ben-Maimon served on GPhA's board of directors.  Impax lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 of the Complaint regarding other Defendants and,

therefore, denies them.  Impax denies the remaining allegations contained in Paragraph 100 of the Complaint.

101.    Impax admits that Marcy Macdonald served on GPhA's board of directors. Impax lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101 of the Complaint regarding other Defendants and, therefore, denies them.  Impax denies the remaining allegations contained in Paragraph 101 of the Complaint.

102.    Impax admits that Marcy Macdonald served on GPhA's board of directors. Impax lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102 of the Complaint regarding other Defendants and, therefore, denies them.  Impax denies the remaining allegations contained in Paragraph 102 of the Complaint.

103.    Impax lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103 of the Complaint and, therefore, denies them.

104.    Impax lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 104 of the Complaint and, therefore, denies them.

105.    Impax admits that it was a member of the HDMA during a portion of the proposed class period.  Impax lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 105 of the Complaint and, therefore, denies them.

106.    Impax lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106 of the Complaint and, therefore, denies them.

107.    Impax lacks knowledge and information sufficient to form a belief as to the truth

of the allegations contained in Paragraph 107 of the Complaint and, therefore, denies them.

108.    Impax lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 108 of the Complaint and, therefore, denies them.

109.    Impax admits that certain of its employees have on occasion attended meetings sponsored by the GPhA, HDMA, NACDS, and ECRM.  Impax lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 109 of the Complaint regarding other Defendants and, therefore, denies them.  Impax denies the remaining allegations contained in Paragraph 109 of the Complaint.

110.    Impax admits that certain of its employees have on occasion attended meetings sponsored by the GPhA.  Impax lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 110 of the Complaint and, therefore, denies them.

111.    Impax admits that certain of its employees have on occasion attended meetings sponsored by the GPhA.  Impax lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 111 of the Complaint and, therefore, denies them.

112.    Impax lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 112 of the Complaint and, therefore, denies them.

113.    Impax admits that certain of its employees have on occasion attended meetings sponsored by the GPhA.  Impax lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 113 of the Complaint and, therefore, denies them.

114.    Impax admits that certain of its employees have on occasion attended meetings

sponsored by the HDMA.  Impax lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 114 of the Complaint and, therefore, denies them.

115.   Impax admits that certain of its employees have on occasion attended meetings sponsored by the NACDS.  Impax lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 115 of the Complaint regarding other Defendants and, therefore, denies them.  Impax denies the remaining allegations contained in Paragraph 115 of the Complaint.

116.   Impax admits that certain of its employees have on occasion attended meetings sponsored by the GPhA.  Impax lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 116 of the Complaint and, therefore, denies them.

117.   Impax admits that certain of its employees have on occasion attended meetings sponsored by the GPhA.  Impax lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 117 of the Complaint and, therefore, denies them.

118.   Impax lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 118 of the Complaint and, therefore, denies them.

119.   Impax admits that certain of its employees have on occasion attended meetings sponsored by the HDMA.  Impax lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 119 of the Complaint and, therefore, denies them.

120.   Impax admits that certain of its employees have on occasion attended meetings

sponsored by the GPhA.  Impax lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 120 of the Complaint and, therefore, denies them.

121.    Impax admits that certain of its employees have on occasion attended meetings sponsored by the NACDS.  Impax lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 121 of the Complaint regarding other Defendants and, therefore, denies them.  Impax denies the remaining allegations contained in Paragraph 121 of the Complaint.

122.    Impax admits that certain of its employees have on occasion attended meetings sponsored by the GPhA.  Impax lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 122 of the Complaint and, therefore, denies them.

123.    Impax admits that certain of its employees have on occasion attended meetings sponsored by the GPhA.  Impax lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 123 of the Complaint and, therefore, denies them.

124.    Impax lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 124 of the Complaint regarding other Defendants and, therefore, denies them.  Impax denies the remaining allegations contained in Paragraph 124 of the Complaint.

125.    Impax lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 125 of the Complaint regarding other Defendants and, therefore, denies them.  Impax denies the remaining allegations contained in Paragraph 125 of

the Complaint.

126.    Impax lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 126 of the Complaint regarding other Defendants and, therefore, denies them.  Impax denies the remaining allegations contained in Paragraph 126 of the Complaint.

127.    Impax lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 127 of the Complaint regarding other Defendants and, therefore, denies them.  Impax denies the remaining allegations contained in Paragraph 127 of the Complaint.

128.    Impax lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 128 of the Complaint regarding other Defendants and, therefore, denies them.  Impax denies the remaining allegations contained in Paragraph 128 of the Complaint.

129.    Impax lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 129 of the Complaint regarding other Defendants and, therefore, denies them.  Impax denies the remaining allegations contained in Paragraph 129 of the Complaint.

130.    Impax lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 130 of the Complaint regarding other Defendants and, therefore, denies them.  Impax denies the remaining allegations contained in Paragraph 130 of the Complaint.

131.    Impax lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 131 of the Complaint regarding other Defendants and,

therefore, denies them.  Impax denies the remaining allegations contained in Paragraph 131 of the Complaint.

132.    Impax lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 132 of the Complaint and, therefore, denies them.

133.    Impax lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 133 of the Complaint and, therefore, denies them.

134.    Impax lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 134 of the Complaint and, therefore, denies them.

135.    Impax lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 135 of the Complaint and, therefore, denies them.

136.    Impax lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 136 of the Complaint and, therefore, denies them.

137.    Impax lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 137 of the Complaint and, therefore, denies them.

138.    Impax admits that Paragraph 138 of the Complaint purports to selectively quote a portion of an Impax earnings call.  Impax denies the remaining allegations contained in Paragraph 138 of the Complaint.

139.    Impax admits that Paragraph 139 of the Complaint purports to selectively quote a portion of an Impax earnings call.  Impax denies the remaining allegations contained in Paragraph 139 of the Complaint.

140.    Impax admits that Paragraph 140 of the Complaint purports to selectively quote a portion of an Impax earnings call.  Impax denies the remaining allegations contained in Paragraph 140 of the Complaint.

141.    Impax admits that Paragraph 141 of the Complaint purports to selectively quote a portion of an Impax earnings call.  Impax denies the remaining allegations contained in Paragraph 141 of the Complaint.

142.    Impax admits that Paragraph 142 of the Complaint purports to selectively quote a portion of an Impax earnings call.  Impax denies the remaining allegations contained in Paragraph 142 of the Complaint.

143.    Impax denies the allegations contained in Paragraph 143 of the Complaint.

144.    Impax lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 144 of the Complaint and, therefore, denies them.

145.    Impax lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 145 of the Complaint and, therefore, denies them.

146.    Impax lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 146 of the Complaint and, therefore, denies them.

147.    Impax lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 147 of the Complaint and, therefore, denies them.

148.    Impax denies that it engaged in collusion.  Impax lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 148 of the Complaint regarding industry analysts and, therefore, denies them.  Impax denies the remaining allegations contained in Paragraph 148 of the Complaint.

149.    Impax denies that it engaged in collusion.  Impax lacks knowledge and information sufficient to form a belief as to the truth of the allegations regarding the study cited in Paragraph 149 of the Complaint and, therefore, denies them.  Impax denies the remaining allegations contained in Paragraph 149 of the Complaint.

150.     Impax denies that it engaged in collusion.  Impax lacks knowledge and information sufficient to form a belief as to the truth of the allegations regarding the study cited in Paragraph 150 of the Complaint and, therefore, denies them.  Impax denies the remaining allegations contained in Paragraph 150 of the Complaint.

151.     Impax denies that it engaged in any anti-competitive behavior.  Impax lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 151 of the Complaint regarding the actions and beliefs of Pennsylvania physicians and, therefore, denies them.  Impax denies the remaining allegations contained in Paragraph 151 of the Complaint.

152.     Impax lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 152 of the Complaint and, therefore, denies them.

153.     Impax admits that on or about October 2, 2014, Rep. Elijah Cummings and Sen. Bernie Sanders sent a letter to a division of Impax, the content of which speaks for itself.  Impax lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 153 of the Complaint and, therefore, denies them.

154.     Impax lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 154 of the Complaint and, therefore, denies them.

155.     Impax lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 155 of the Complaint and, therefore, denies them.

156.     Impax denies that it engaged in collusion.  Impax admits that Impax and one of its former sales representatives received subpoenas from a federal grand jury empaneled by the Antitrust Division of the United States Department of Justice in the U.S. District Court for the Eastern District of Pennsylvania.  Impax lacks knowledge and information sufficient to form a

belief as to the truth of the remaining allegations contained in Paragraph 156 of the Complaint and, therefore, denies them.

157.    Impax lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 157 of the Complaint and, therefore, denies them.

158.    Impax lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 158 of the Complaint and, therefore, denies them.

159.    Impax admits that Paragraph 159 of the Complaint purports to describe two Impax Securities and Exchange Commission filings, the contents of which speak for themselves. Impax denies the remaining allegations contained in Paragraph 159 of the Complaint.

160.    Impax admits that Paragraph 160 of the Complaint purports to quote a portion of an Impax Securities and Exchange Commission filing, the content of which speaks for itself.

161.    Impax lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 161 of the Complaint and, therefore, denies them.

162.    Impax lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 162 of the Complaint and, therefore, denies them.

163.    Impax denies that receipt of a subpoena is significant or in any way indicative of criminal or civil liability.  Impax lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 163 of the Complaint and, therefore, denies them.

164.    Impax denies the allegations contained in Paragraph 164 of the Complaint.

165.    Impax denies that a leniency application is significant or in any way indicative of criminal or civil liability for parties other than the applicant.  Impax lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in

Paragraph 165 of the Complaint and, therefore, denies them.

166.     Impax lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 166 of the Complaint and, therefore, denies them.

167.     Impax lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 167 of the Complaint and, therefore, denies them.

168.     Impax admits that the Department of Justice filed an amicus brief with the Judicial Panel on Multidistrict Litigation and intervened and filed a motion to stay discovery in MDL No. 2724, the contents of which speak for themselves.  Impax lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 168 of the Complaint and, therefore, denies them.

169.     Impax denies that any of its employees colluded on prices.  Impax lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 169 of the Complaint regarding the Department of Justice Antitrust Division's spring 2017 update and, therefore, denies them.  Impax denies the remaining allegations contained in Paragraph 169 of the Complaint.

170.     Impax denies that it fixed the prices of or allocated the markets for any generic pharmaceutical.  Impax lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 170 of the Complaint and, therefore, denies them.

171.     Impax denies that it engaged in an illegal conspiracy.  Impax lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 171 of the Complaint regarding the press release issued by the Connecticut Attorney and, therefore, denies them.  Impax lacks knowledge and information sufficient to form a belief as to

the truth of the allegations contained in Paragraph 171 of the Complaint regarding other Defendants and, therefore, denies them.  Impax denies the remaining allegations contained in Paragraph 171 of the Complaint.

172.    Impax admits that Paragraph 172 of the Complaint purports to describe filings with the United States Panel on Multidistrict Litigation, the contents of which speak for themselves, but lacks knowledge and information sufficient to form a belief as to the truth of those allegations and, therefore, denies them.  Impax lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 172 of the Complaint and, therefore, denies them.

173.    Impax denies that it engaged in price fixing or market allocation in the sale of any generic pharmaceutical product and denies that the structure of the generic pharmaceutical industry promotes collusion.  Impax lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 173 of the Complaint and, therefore, denies them.

174.    Impax denies that it engaged in a conspiracy to fix prices and allocate markets in the sale of any generic pharmaceutical product.  Impax lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 174 of the Complaint and, therefore, denies them.

175.    Impax denies that it engaged in price fixing or any other unlawful conduct. Impax lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 175 of the Complaint and, therefore, denies them.

## VI.    THE LIDOCAINE-PRILOCAINE MARKET IS HIGHLY SUSCEPTIBLE TO COLLUSION

176.    Impax denies the allegations contained in Paragraph 176 of the Complaint.

177.    Impax denies the allegations contained in Paragraph 177 of the Complaint.

178.    Impax denies the allegations contained in Paragraph 178 of the Complaint.

## VII.   CLASS ACTION ALLEGATIONS

179.    Impax admits that Plaintiffs purport to bring this action under Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of themselves and the proposed class of direct purchasers described in Paragraph 179 of the Complaint.  Impax denies that the direct purchaser class defined in Paragraph 179 of the Complaint is proper and further denies that this action can be maintained as a class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3).

180.    Impax denies the allegations contained in Paragraph 180 of the Complaint.

181.    Impax denies the allegations contained in Paragraph 181 of the Complaint.

182.    Impax denies the allegations contained in Paragraph 182 of the Complaint.

183.    Impax lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 183 of the Complaint and, therefore, denies them.

184.    Impax denies the allegations contained in Paragraph 184 of the Complaint.

185.    Impax denies the allegations contained in Paragraph 185 of the Complaint.

186.    Impax denies the allegations contained in Paragraph 186 of the Complaint.

187.    Impax denies the allegations contained in Paragraph 187 of the Complaint.

## VIII.  ANTITRUST INJURY

188.    Impax denies the allegations contained in Paragraph 188 of the Complaint.

189.    Impax denies the allegations contained in Paragraph 189 of the Complaint.

190.    Impax denies the allegations contained in Paragraph 190 of the Complaint.

191.    Impax denies the allegations contained in Paragraph 191 of the Complaint.

## IX.    CLAIM FOR RELIEF – VIOLATION OF SECTION 1 OF THE SHERMAN ACT

192.    Impax repeats its responses to each of the allegations contained in Paragraphs 1 through 191 of the Complaint as if they were restated in this paragraph.

193.    Impax denies the allegations contained in Paragraph 193 of the Complaint.

194.    Impax denies the allegations contained in Paragraph 194 of the Complaint.

195.    Impax denies the allegations contained in Paragraph 195 of the Complaint.

196.    Impax denies the allegations contained in Paragraph 196 of the Complaint.

197.    Impax denies the allegations contained in Paragraph 197 of the Complaint.

198.    Impax denies the allegations contained in Paragraph 198 of the Complaint.

199.    Impax denies the allegations contained in Paragraph 199 of the Complaint.

200.    Impax denies the allegations contained in Paragraph 200 of the Complaint.

## <u>AFFIRMATIVE DEFENSES</u>

1.    The Complaint fails to state a claim for which relief may be granted.  Impax sets its prices for lidocaine-prilocaine independently and unilaterally.  Impax did not agree with any other Defendant or third party on their lidocaine-prilocaine prices, lidocaine-prilocaine customer or market allocation, or lidocaine-prilocaine supply levels.  The Complaint sets out no specific direct evidence of an agreement to fix prices.  The conduct that Plaintiffs allege to be unlawful is more consistent with independent, unilateral conduct, rather than collusion.  Accordingly, the Complaint fails to state a claim for which relief may be granted.

2.    Plaintiffs lack standing to bring their claims.

3.    Impax's conduct during the time period covered by the Complaint was lawful, justified, and supported by legitimate business purposes.  When Impax set its prices for lidocaine-prilocaine, it acted independently, unilaterally, and in its own economic self-interest.

4.      The Complaint is barred on the ground that the acts complained of, to the extent they occurred, were procompetitive in nature, and were done solely to promote, encourage, and increase competition.  Accordingly, Impax's conduct was reasonable, justified, and privileged.

5.      Plaintiffs did not suffer an injury in fact.

6.      The injuries and damages alleged by Plaintiffs do not constitute legally cognizable antitrust injuries.

7.      The damages allegedly suffered by Plaintiffs were not caused in fact by any conduct or act of Impax.

8.      The damages allegedly suffered by Plaintiffs were not proximately caused by any conduct or act of Impax.

9.      Plaintiffs lack antitrust standing to bring their claims.

10.      Plaintiffs have failed to exercise reasonable care and diligence to mitigate their alleged injuries and damages, if any.

11.      Plaintiffs' alleged damages, if any, are speculative and impossible to ascertain.

12.      Plaintiffs have not alleged or sustained any irreparable harm or injury and, therefore, are not entitled to any injunctive relief.

13.      Plaintiffs' claims are barred to the extent that they did not purchase lidocaine-prilocaine directly from Impax or any of the other Defendants.

14.      To the extent Plaintiffs seek damages for injuries that occurred prior to the applicable limitations period, their claims are barred by the statute of limitations.

15.      The Complaint is barred by the doctrines of waiver, estoppel, and laches.

16.      The Complaint is barred because certain Plaintiffs or putative class members must seek arbitration.

17.     Plaintiffs passed on all or a portion of any increases in the prices they paid for lidocaine-prilocaine.

18.     Plaintiffs' claimed damages are duplicative and violate due process.

19.     The Complaint is barred on the ground that the actions complained of, to the extent they occurred, are permissible under federal antitrust law.

20.     Plaintiffs' claims are barred, in whole or in part, insofar as they seek an award of damages for alleged conduct that is protected under the First Amendment of the United States Constitution.

21.     Impax adopts and incorporates by reference any and all defenses asserted by any other Defendant to the extent Impax may share in such defenses.

22.     Impax gives notice that it intends to rely upon any other defenses that may become available or appear during discovery proceedings in this case and reserves the right to amend this answer to assert any such defenses.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Impax demands a trial by jury with regard to all claims so triable.

WHEREFORE, Impax respectfully requests that the Complaint be dismissed with prejudice and that the Court enter judgment in favor of Impax, together with an award of costs, expenses, attorneys' fees, and such other relief as the Court deems just and proper.

Dated: March 15, 2019              IMPAX LABORATORIES, INC.

                                   By:   */s/ Raymond A. Jacobsen, Jr.*
                                         Raymond A. Jacobsen, Jr.
                                         Paul M. Thompson
                                         Lisa A. Peterson
                                         MCDERMOTT, WILL & EMERY LLP
                                         500 North Capitol Street, NW

Washington, DC 20001
Telephone: (202) 756-8000
rayjacobsen@mwe.com
pthompson@mwe.com
lpeterson@mwe.com

David L. Hanselman, Jr.
MCDERMOTT, WILL & EMERY LLP
444 West Lake Street
Suite 4000
Chicago, IL 60606
Telephone: (312) 984-3610
dhanselman@mwe.com

Nicole L. Castle
MCDERMOTT, WILL & EMERY LLP
340 Madison Avenue
New York, NY 10173
Telephone: (212) 547-5400
ncastle@mwe.com

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 15th day of March, 2019, a true and correct copy of the foregoing was filed electronically and is available for viewing and downloading from the Court's ECF System.  Notice of this filing will be sent to all counsel of record by operation of the ECF System.

*/s/ Raymond A. Jacobsen, Jr.*
Raymond A. Jacobsen, Jr.